Argued March 8, dismissed March 21, rehearing denied April 21, 1916.

## LANGE v. DEVLIN.

(156 Pac. 260.)

**Appeal and Error—Dismissal of Appeal—Acceptance of Terms of Decree.**

1. Where, pending an appeal by defendant from a decree cancel-ing a contract for the sale of land, defendant conveyed the land by a warranty deed, covenanting that it was lawfully seised thereof in fee simple, the appeal would be dismissed, as it used and dealt with the land as though intended fully to accept and accede to the terms of the decree, and would not be permitted to change the position which it had voluntarily assumed.

From Multnomah: ROBERT G. MORROW, Judge.

Department 2. Statement by MR. JUSTICE HARRIS.

On April 23, 1913, E. D. Lange, as the buyer, and the Hood River Orchard Land Company, a corporation, as the seller, signed a contract for the sale of lot num-bered 176, "Mosier View Orchards" in Wasco County. Pursuant to the terms of the agreement the buyer took possession of the premises. Afterward, on March 10, 1914, the plaintiff commenced this suit against the cor-poration and J. H. Devlin, its selling agent, to cancel the contract and to recover all moneys paid to the seller. A trial resulted in a decree, on December 26, 1914, canceling the contract and a judgment against the corporation for moneys received by it. The Hood River Orchard Land Company appealed and filed a technical transcript here on April 29, 1915. On March 2, 1915, the Hood River Orchard Land Company con-veyed the land by a warranty deed to William Cava-naugh, covenanting:

"That said corporation is lawfully seised in fee simple of the above-granted premises; that the above-granted premises are free from all encumbrances, ex-cept judgment in favor of E. D. Lange, and that it will,

and its successors shall, warrant and defend the same to the said William Cavanaugh, his heirs and assigns forever, against the lawful claims and demands of all persons whomsoever."

The warranty deed was supplemented by a quitclaim deed which the corporation executed to William Cavanaugh on July 13, 1915. Cavanaugh and wife afterward conveyed the property to J. F. Martyn. The merits of the cause on appeal were argued, and at the same time the plaintiff moved to dismiss the appeal.

APPEAL DISMISSED.

For appellant there was a brief and an oral argument by *Mr. B. E. Youmans.*

For respondent there was a brief and an oral argument by *Mr. Elton Watkins.*

MR. JUSTICE HARRIS delivered the opinion of the court.

1. The appellant used and dealt with the land as though it then intended fully to accept and accede to the terms of the decree, and it will not be permitted to change the position which it voluntarily assumed. *Kellogg* v. *Smith,* 70 Or. 449, 456 (142 Pac. 330), furnishes a conclusive precedent. See, also, *Thomas* v. *Booth-Kelly Co.,* 52 Or. 534 (97 Pac. 1078, 132 Am. St. Rep. 713); *Elwert* v. *Marley,* 53 Or. 591 (99 Pac. 887, 101 Pac. 671, 133 Am. St. Rep. 850); 3 C. J. 665, 669.

The appeal is dismissed.

APPEAL DISMISSED.    REHEARING DENIED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE BURNETT and MR. JUSTICE BEAN concur.