Submitted on motion to dismiss May 14, appeal dismissed June 11, 1918.

## SHERMAN *v.* SHERMAN.

(173 Pac. 572.)

**Divorce—Right to Appeal—Acceptance of Benefits Under Decree Appealed from.**

1. In divorce proceedings, where decree was rendered for the husband, and the wife was allowed a monthly sum as alimony, she cannot, after accepting such allowance, appeal from the whole decree, the allowance of alimony being an integral part thereof.

From Multnomah: Robert Tucker, Judge.

In Banc.

The plaintiff sued the defendant for a divorce. Issue was joined on the complaint and new matter in the answer. The court heard the testimony and on November 16, 1917, dissolved the marriage contract and granted the plaintiff an absolute divorce from the defendant. In settlement of their property rights the court decreed to the defendant an absolute title to all of certain platted property in various cities in Oregon and elsewhere released from any claim to the same on the part of the plaintiff, and to the plaintiff certain acreage free from any claim thereto on the part of the defendant, and finally ordered that the plaintiff pay to the defendant $40 per month as alimony, commencing from the date of the entry of the decree. The defendant appealed and the plaintiff moved to dismiss the same.    Appeal Dismissed.

*Mr. George W. Caldwell,* for the motion to dismiss appeal.

*Mr. William S. Nash* and *Mr. Sidney J. Graham,* contra.

PER CURIAM.—It appears by the abstract that the defendant served her notice of appeal January 15, 1918. The affidavit of the plaintiff in support of his motion to dismiss the appeal is to the effect that the defendant accepted two payments of alimony before she served her notice of appeal and that since then, up to and including April 1, 1918, she has accepted from the defendant the monthly payments of $40 adjudged by the decree and accruing subsequent to its

rendition. The plaintiff also states in his affidavit that since the decree the defendant has assumed the exclusive management and control of the real property allotted to her. The defendant admits that she received the installments of alimony both before and after serving her notice of appeal and that she has exercised no more dominion over the realty since the decree than she did before it was rendered. It is plain that the defendant received the money solely on account of the decree. As she was the holder of the legal title to the realty previous to the institution of the suit and in equity at least a tenant in common of the same, it is possible that her subsequent management of the same did not prejudice her appeal, but this cannot be said of her acceptance of alimony.

It is true that under Section 7040, L. O. L., et seq., a wife, in a proper proceeding, may procure a decree requiring her husband to provide for her support and it has been held in such cases that she must show that she is living apart from her husband without her fault: *Fowler* v. *Fowler,* 31 Or. 65 (49 Pac. 589); *Ivanhoe* v. *Ivanhoe,* 68 Or. 297 (136 Pac. 21, 49 L. R. A. (N. S.) 86). Under proper averments this procedure might avail the defendant in her contention stated in her affidavit to the effect that the money is necessary for her support, but that question is not presented on the record before us.

1. The allowance of the alimony of $40 per month was an integral part of the decree and is involved in the appeal from the whole of that adjudication. It does not present a case in which the court can say as of course that the defendant is entitled to that much or any allowance at all events, whether the case should be affirmed or reversed. The cases cited by the defendant in support of her right to appeal after having

accepted the alimony allotted to her are instances where the court could say from the record as a matter of law that the benefit awarded to and accepted by the appellant belonged to him absolutely in every view of the case, beyond the power of the appellate court to change the part accepted. There is no such condition in this case. It is well settled in this state that a party cannot accept the benefits of part of a decree or judgment and appeal from the whole of it. Yet this is what the defendant has sought to accomplish. The authorities on this point are collated and reviewed by Mr. Justice BENSON in *Portland* v. *Schmid,* 82 Or. 465 (161 Pac. 560).

The motion to dismiss the appeal must be allowed.

APPEAL DISMISSED.