Motion to dismiss appeal April 27, sustained May 16, 1956

ISENHART *v.* ISENHART

296 P. 2d 927

*Keller & Keller,* Portland, for the motion.

*William B. Murray,* Portland, contra.

ROSSMAN, J.

The defendant-respondent, George Boyd Isenhart, has moved to dismiss this appeal upon two grounds. Before mentioning them, we take occasion to state

that the challenged decree of the circuit court (1) dissolved the bonds of matrimony between the plaintiff-appellant and the defendant-respondent, and (2) after mentioning a residence property "located at 5536 Southwest Hamilton Street in Portland", which it described by metes and bounds, it ordered that the property "shall be owned by the parties hereto as tenants in common, each party owning an undivided one-half interest therein".

The two grounds upon which the respondent bases his motion to dismiss are

1. "The appellant has acted in accordance with, pursuant to, and has taken advantage of the Decree from which her appeal herein is prosecuted, in that appellant, subsequent to the time of the oral decision of the Circuit Court, pursuant to which oral decision the Decree to be appealed from was entered, executed and delivered a mortgage upon an undivided one-half interest in certain real property which was owned by the parties hereto, prior to said Decree, as tenants by the entirety, * * *."

2. "Appellant has effectively abandoned her appeal * * *."

During the coverture the defendant-respondent purchased the parcel of real property previously mentioned and had the deed which conveyed title name as grantees husband and wife, thereby creating a tenancy by the entirety. The challenged decree, as we have noticed, ordered that the real property "shall be owned by the parties hereto as tenants in common."

The trial of the cause was begun December 1, 1955, and was concluded December 17, 1955. January 4, 1956, the trial judge orally rendered his decision. According to an unchallenged affidavit,

"* * * said oral decision of said Honorable Donald E Long was reported in full by the Court

Reporter, and reads in part as follows: 'The property located on Hamilton Street will be decreed to be—that Dr. and Mrs. Isenhart will be decreed to be tenants in common of this property they hold by the entirety.' ''

The decree was entered January 24, 1956. We have quoted its material part. January 12, 1956, the plaintiff-appellant executed a mortgage given as security for her promissory note in the sum of $3,892.51 which described the aforementioned item of real property, and then stated:

"And said mortgagor covenants to and with the mortgagee, his heirs, executors, administrators and assigns that he is lawfully seized in fee simple of said premises and has a valid, unencumbered title thereto as a tenant in common of an undivided ½ interest therein  *  *  *.''

That mortgage was recorded in the Mortgage Records January 13, 1956.

The motion to dismiss which was served April 26, 1956, gave as one of its two bases the ground of which we have already taken notice. It attached to itself a copy of the mortgage from which we have just quoted. May 3, 1956, the plaintiff-appellant executed another mortgage which stated:

"This mortgage, Made this 3rd day of May, 1956, by Margaret Ellen Isenhart, Mortgagor  *  *  * to correct that certain mortgage made and executed by mortgagor to mortgagee dated January 12, 1956, *  *  *.''

That instrument contained substantially the same provisions as the mortgage of January 12, 1956, but omitted the words "as a tenant in common of an undivided one-half interest therein" and covenants as to title. It expressed no purpose of canceling the

mortgage of January 12, 1956. Therefore, after the second instrument was executed, two mortgages describing the property were of record. It is evident that the second mortgage encumbered the plaintiff-appellant's title to the property, whatever it may have been. The plaintiff-appellant submits no contention that she executed the mortgage of January 12, 1956, through error.

It is apparent that the mortgage of January 12, 1956, was executed after the oral decision was rendered. The fact that it preceded the entry of the formal decree is immaterial. *Richmond v. White,* 98 Or 310, 193 P 1026.

We think that the facts above stated indicate that the plaintiff-appellant availed herself of the benefits of the decree which she later sought by her appeal to challenge. The motion to dismiss is sustained. *Sherman v. Sherman,* 89 Or 130, 173 P 572; *Lange v. Devlin,* 80 Or 238, 156 P 260; *Kellogg v. Smith,* 70 Or 449, 142 P 330; *Elwert v. Marley,* 53 Or 591, 99 P 887, 101 P 671.