Motion to dismiss appeal July 25, allowed September 19, 1962

# ANDERSON *v.* ANDERSON

374 P. 2d 479

On Respondent's Motion to Dismiss Appeal.

Robert M. Mulvey, Oregon City, for the Motion.

Ryan and Ryan, Portland, Contra.

PERRY, J.

The plaintiff has appealed from a decree of the circuit court denying her prayer for a decree of divorce and other relief, and dismissing her complaint. The defendant has moved to dismiss the appeal.

The decree of the trial court, entered in this suit, provides, as follows:

"IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED, That all orders entered herein pendente lite, including but not limited to the order prohibiting withdrawals from the bank account belonging to the parties and located in the Portland Federal Savings Bank, Milwaukie Branch, Milwaukie, Oregon, be, and the same hereby are dissolved and helf (sic) for naught, and

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED, That defendant pay to plaintiff through the Clerk of this Court as and for additional Attorney's fees herein the sum of $450.00."

The basis of the defendant's motion lies in the fact that the decree entered by the court provided for the sum of $450 as attorney's fees which was paid by the defendant to the county clerk, pursuant to the decree; that the plaintiff withdrew this amount of money and entered her satisfaction for that sum in the office of the county clerk. It is therefore contended by the defendant that the plaintiff, having availed herself of the benefits of a portion of the decree, cannot now challenge those portions of the decree which are unfavorable to her. *Isenhart v. Isenhart,* 207 Or 365, 296 P2d 927; *Sherman v. Sherman,* 89 Or 130, 173 P 572; *Portland v. Schmid,* 82 Or 465, 161 P 560.

It is the contention of the plaintiff that, although she has accepted the $450 to pay her attorney, she may still maintain her appeal in this court, for the reason

that the application for the allowance of attorney's fees was made prior to the entry of the decree, and constituted only compliance with an order pendente lite, a sum to which she was entitled under any circumstances and which would not be subject to review by this court.

Prior to the enactment of Chapter 553, Oregon Laws 1953, the only authority for a trial court to award any sum to enable a wife to prosecute or defend a suit for divorce was to be found in the provisions of the law as now set forth in ORS 107.090, which reads as follows:

"* * * * *

"(a) That the husband pay to the clerk of the court such amount of money as may be necessary to enable the wife to prosecute or defend the suit, as the case may be, and also such amount of money as may be necessary to support and maintain the wife during the pendency of the suit."

Under this statute this court consistently held that the order for the payment of suit money and counsel fees did not constitute a judgment which could be enforced by execution, "but was a mere 'personal order', and enforceable only by contempt proceedings." *State ex rel. v. Tolls,* 160 Or 317, 85 P2d 366, 119 ALR 1370. Subsequently there was enacted Chapter 553, Oregon Laws 1953, codified as ORS 107.100, containing paragraph (g), which reads as follows:

"A judgment against one party in favor of the other for any sums of money found to be then remaining unpaid upon any enforceable order or orders theretofore duly made and entered in the proceedings pursuant to any of the provisions of ORS 107.090, and for any such further sums as additional attorney fees or additional costs and expenses of suit or defense as the court finds rea-

sonably and necessarily incurred by such party; or, in the absence of any such order or orders pendente lite, a like judgment for such amount of money as the court finds was reasonably necessary to enable such party to prosecute or defend the suit, as the case may be."

This act authorizes the inclusion in the judgment the amounts unpaid and due under orders made and entered pendente lite.

Our denial of the motion to dismiss the appeal in *Hinckley v. Hinckley*, 211 Or 32, 295 P2d 1105, 312 P2d 588, which arose subsequent to the enactment of ORS 107.100, is based upon the reasoning that the order made pendente lite was fully complied with and therefore never became a part of the judgment entered in the cause. The court stated:

"Here the allowance of attorney's fee was made pursuant to ORS 107.090 (1) (a), which provides that after the commencement of a suit for dissolution of the marriage contract the court may provide by order 'That the husband pay to the clerk of the court such amount of money as may be necessary to enable the wife to prosecute or defend the suit * * *.' By subdivision (1) (e) of the same section it is provided 'That in case default is made in the payment of any moneys falling due under the terms of an order pending suit, any such delinquent amount shall be entered and docketed as a judgment * * *.' Inasmuch as in this case there was no such default, and, instead, the attorney's fee allowed by the court was paid in full, the authority to enter such a judgment never arose, and it is difficult in any event to perceive how the defendant could have waived her right to appeal by accepting payment of the attorney's fee prior to the entry of the decree of divorce from which she has appealed."

Since the order for suit money never became a part of the final judgment, the matter was not before us for review.

■ This court has authority on appeal only to affirm, reverse or modify the judgment or portion of the judgment appealed from. ORS 19.130. Of course, this statute authorizes this court to review any and all intermediate orders made by the trial court which had effect upon the final judgment. But an order pendente lite for suit money and temporary attorney's fees to enable a party to prosecute the suit, and which is complied with, can never become a part of the final judgment, as there is no statutory authority for such action in the trial court. *State ex rel. v. Tolls,* supra.

■■ In the matter before us, the court states in its decree that the $450 is for additional attorney's fees. This infers an allowance in excess of that previously made. Such an allowance in the judgment is authorized by ORS 107.100, and is subject to review. *Zavin v. Zavin,* 229 Or 289, 366 P2d 733. The plaintiff having accepted a benefit of this judgment, the motion to dismiss is allowed and it is so ordered.