Motion to dismiss filed October 15, allowed in part November 17,
dismissed December 15, 1965

## WILSON *v.* WILSON

407 P. 2d 898
408 P. 2d 940

Dick & Dick, The Dalles, for the motion.

Nels Peterson, Portland, and Meredith D. Van Valkenburgh, The Dalles, contra.

Before McAllister, Chief Justice, and Perry, Sloan, Goodwin, Denecke, Holman and Lusk, Justices.

PER CURIAM.

Respondent, plaintiff in the court below, has moved to dismiss the appeal from a decree granting him a divorce and custody of the minor children of the parties and settling their property rights. The ground of the motion is that appellant accepted a payment of $100 made by respondent pursuant to that part of the decree awarding appellant the sum of $1,500 to be paid in monthly installments of $100 each. The decree recites that this award is not to be construed as alimony. The record before us discloses acceptance of the $100 payment by appellant.

In accordance with the established rule that a litigant will not be permitted to appeal from a judgment or decree the benefits of which he has accepted, we have held that acceptance by the losing party of alimony (*Sherman v. Sherman,* 89 Or 130, 173 P 572), a property settlement (*Isenhart v. Isenhart,* 207 Or 365, 296 P2d 927), or an attorney's fee (*Anderson v. Anderson,* 232 Or 160, 374 P2d 479), precludes such party from prosecuting an appeal from an adverse decree of divorce. In none of these cases was the custody of minor children involved. Since a custodial award affects primarily, not the rights of the parent, but the welfare of the child, we think it would be carrying too far the rule of waiver by acceptance of benefits were it to be held that the appellant has lost her right to question by appeal the decree as to the minor children because she accepted the property settlement: *Jackson v. Jackson,* 248 Iowa 1365, 1376,

85 NW2d 590; *Coley v. Coley,* 128 Ga 654, 655-656, 58 SE 205.

The motion to dismiss is, therefore, denied so far as the decree awards custody of the minor children to the respondent, and otherwise is allowed.

**ON RENEWED MOTION TO DISMISS APPEAL**

204

Dick & Dick, The Dalles, for the motion.

Nels Peterson, Portland, and Meredith D. Van Valkenburgh, The Dalles, contra.

Before McAllister, Chief Justice, and Perry, Sloan, Goodwin, Denecke, Holman and Lusk, Justices.

PER CURIAM.

On November 17, 1965, we passed on the respondent's motion to dismiss the appeal based on the ground that the appellant had accepted a part payment of an award of money made to her by the court in a decree granting the respondent a divorce: 242 Or 201, 407 P2d 898. We allowed the motion except as to that part of the decree granting custody of the children of the parties to the respondent. Now the respondent has renewed his motion to dismiss on the ground that the appellant filed a motion in the circuit court to modify the decree in regard to custody of the minor children "upon the ground that the plaintiff is in the United States Air Force and is stationed outside of the State of Oregon, and has left said minor children with the paternal grandparents, thereby making it impossible for the defendant to see and visit said children."

■ Appellant, in a paper in the form of a pleading and styled "answer,"[1] asserts that her motion was

_____

[1] There is no provision of the statute authorizing a pleading to be filed to a motion. If facts stated in the motion or in an affidavit in support thereof are disputed the showing should be made in an opposing affidavit.

filed pursuant to ORS 107.100 (2) which requires the court, where an appeal is taken from a decree of divorce or from any part thereof, to provide for the temporary support of the minor children of the parties, and authorizes the court to provide for the temporary support of the party found not to be at fault. This section further provides that the order may be modified at any time by the court making the decree appealed from and shall "provide that it is to be in effect only during the pendency of the appeal to the Supreme Court." The appellant's motion to modify the decree does not mention temporary support of the children and in no other respect appears to come under the provisions of ORS 107.100 (2). It seeks "an order modifying the decree of divorce in this case in which the minor children of the parties were awarded to the plaintiff" and obviously was filed pursuant to ORS 107.130, which authorizes the court at any time after a decree of divorce is given upon the motion of either party to "(a) Set aside, alter or modify so much of the decree as may provide for the appointment of trustees, for the support and custody of minor children, * * *."

■ We hold that by filing the motion to modify the award of custody to the respondent the appellant has recognized the binding force of the decree, acquiesced in it, and waived her right of appeal.

■■ The appellant in her so-called "answer" requests the allowance of an attorney fee. We are aware of no statute which authorizes such an allowance. ORS 107.160 empowers the court to assess a reasonable attorney's fee against an unsuccessful moving party who files a motion pursuant to that section. There is no other provision for allowance of an attorney's fee

where that section is invoked and the allowance, when proper, is made by the circuit court, not by this court.

The appeal is dismissed.