Motion to dismiss submitted May 26, denied June 22, 1966

# HOFER *v.* HOFER

415 P. 2d 753

Hicks, Tongue, Dale & Strader and Fred B. Duffy, Portland, for the motion.

Hutchinson, Schwab & Burdick, Portland, contra.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, GOODWIN, DENECKE, HOLMAN and LUSK, Justices.

LUSK, J.

Appellant, defendant and cross-complainant in the court below, was granted a decree of divorce from the respondent. The decree, dated February 15, 1966, made a settlement of property rights and ordered respondent to pay to appellant as alimony the sum of $425 per month commencing in February, 1966, and continuing through January, 1967, when the alimony was to be reduced to $350 per month to be paid until the death or remarriage of appellant. The notice of appeal, which was filed March 2, 1966, recites that it is from the decree "insofar as it relates to plaintiff." This is ambiguous language, but we construe it as referring to the portions of the decree providing for a division of property and alimony. It, of course, was not intended to include the decree of divorce, which was in favor of the appellant.

Respondent has moved to dismiss the appeal on the ground that appellant has availed herself of its benefits by her acceptance of three payments of alimony as follows: The sum of $425 on each of the following

dates: February 14, 1966,[1] March 9, 1966, and April 7, 1966. The record shows that such payments were made and accepted by the appellant.

Respondent relies on the rule that the acceptance by a litigant of the benefits of a decree or judgment precludes him from appealing therefrom, and cites the following cases: *Sherman v. Sherman,* 89 Or 130, 173 P 572; *Isenhart v. Isenhart,* 207 Or 365, 296 P2d 927; *Anderson v. Anderson,* 232 Or 160, 374 P2d 479; *Wilson v. Wilson,* 242 Or 201, 407 P2d 898. We think that none of these cases govern the decision here. In the *Sherman* case a decree of divorce was granted the husband and an award of alimony to the wife, who accepted payments of alimony. In the *Isenhart* case a decree of divorce in favor of the husband included a property settlement which the wife accepted by mortgaging the property awarded to her. (The opinion in this case does not disclose which party was awarded the divorce. The papers on file with the clerk of this court show it was the husband.) In the *Wilson* case the decree granting the husband a divorce also awarded the wife $1,500 ("not to be construed as alimony") to be paid in monthly installments of $100, each. She accepted one payment of $100.[2] In each of these cases we held that the defeated party had lost her right to appeal by accepting the benefits of the decree. In each of them the attempted appeal was from the entire

---

[1] The making and acceptance of this payment prior to February 15, 1966, the date of the decree, is accounted for by the fact that on January 25, 1966, the trial judge advised counsel in a memorandum opinion that the decree should provide for alimony as above stated.

[2] In this case we held that acceptance of the property settlement did not preclude the wife from appealing from the award of custody of minor children of the parties.

decree. The appeals were dismissed. The reason is stated in the *Sherman* case as follows:

"The allowance of the alimony of $40 per month was an integral part of the decree and is involved in the appeal from the whole of that adjudication. It does not present a case in which the court can say as of course that the defendant is entitled to that much or any allowance at all events, whether the case should be affirmed or reversed. The cases cited by the defendant in support of her right to appeal after having accepted the alimony allotted to her are instances where the court could say from the record as a matter of law that the benefit awarded to and accepted by the appellant belonged to him absolutely in every view of the case, beyond the power of the appellate court to change the part accepted. There is no such condition in this case. It is well settled in this state that a party cannot accept the benefits of part of a decree or judgment and appeal from the whole of it. Yet this is what the defendant has sought to accomplish. The authorities on this point are collated and reviewed by Mr. Justice Benson in *Portland v. Schmid*, 82 Or. 465 (161 Pac. 560)." 89 Or at 132-133.

The *Anderson* case is on a different footing. The wife sued for divorce and the decree denied her the relief sought, but allowed her an attorney's fee pursuant to ORS 107.100 (1) (g). The amount of the fee was paid by the defendant to the county clerk and was withdrawn by the plaintiff, who appealed. Because of her acceptance of the attorney's fee, the appeal was dismissed.

The case at bar, in respect of the question before us, is widely different from the *Sherman, Isenhart,* and *Wilson* cases, in each of which the defeated party was appealing from a decree of divorce granted the husband. The provisions in the decrees for alimony

and a property settlement were dependent upon the decree of divorce. Without such decree they could not stand, ORS 107.100 (4), and, if the appeal had been allowed to proceed and had been successful, the other provisions would have fallen with the reversal of the decree of divorce. Acceptance of the benefits in those cases was, therefore, wholly inconsistent with and a waiver of the right to appeal. As the court said in *Browning v. Browning,* 208 Cal 518, 525-526, 282 P 503, regarding similar California cases, "in each of these cases the very question at issue upon the appeal was as to whether or not the appellant was entitled to a divorce at all, and hence, of course entitled to the sums of money which had been paid her, but to which she would have no right in the event of a denial of a divorce."

■■ We have no such situation here. It is the appellant who was granted a divorce and she has appealed from the other provisions of the decree, evidently for the purpose of securing a more favorable division of the property and award of alimony. Her right to appeal from specific parts of the decree is unquestioned: ORS 19.023; *Crumbley v. Crumbley,* 94 Or 617, 621, 186 P 423. It is equally well settled that, even though this court reviews a suit in equity *de novo,* the party who has not appealed cannot obtain here a modification of the decree favorable to himself. He is not prevented "from defending it against the attack of the plaintiff, but he cannot go beyond merely supporting it": *Crumbley v. Crumbley,* supra. See, also, *Davis v. Davis,* 123 Or 667, 669, 263 P 914; *Stark v. Stark,* 128 Or 683, 684, 275 P 692.

The *Anderson* case differs both from the case at bar and the three just discussed. It holds that a wife lost her right to appeal from a decree dismissing her

suit for divorce because she accepted payment of an attorney's fee. The further consideration which we have given the question leads to the conclusion that the case was wrongly decided. As stated, the attorney's fee was allowed pursuant to ORS 107.100 (1) (g). Such an allowance is of an entirely different character from the prevailing party's attorney's fee authorized by ORS 107.100 (3), as it does not depend upon a decree of divorce being awarded either party: *Zavin v. Zavin*, 229 Or 289, 291, 366 P2d 733. It is rather *ex gratia* than of right. In the *Anderson* case the fee was allowed the wife notwithstanding her suit for divorce was dismissed. This total independence of the award from the remainder of the decree makes it plain that she might, with entire consistency, accept the fee and at the same time pursue her remedy for a divorce in the appellate court. It is doubtful whether the wife in the *Anderson* case intended to appeal from the allowance as too little, but if she did, her acceptance of the fee would not have precluded such an appeal, since her husband did not cross-appeal. This court might have increased the fee, but it could not reduce it. So, in the case at bar, no decision which we may render can affect the award of alimony to the appellant's disadvantage. She has become entitled to it absolutely.

■ The rule that the acceptance of benefits to which the appellant would be entitled in every view of the case, *Sherman v. Sherman*, supra; Annotation, 169 ALR 985, 1013, does not constitute a waiver of the right of appeal, is not limited to cases in which there is an irrevocable admission of an amount due the party wishing to appeal. It applies also where the appellate court is without power to render a decision less favorable to the appellant.

As stated in the exhaustive annotation on this subject above cited:

"The rule that a right of appellate review survives the acceptance of an amount that will not be put in jeopardy by the review sought, applies not only where the accepted amount is irrevocably conceded by the opposing party as due, but wherever the controversy raised by the appeal or petition for review is legally confined to liability for the additional amount claimed." 169 ALR at 1017-1018.

In the well considered opinion in *Tyler v. Shea,* 4 ND 377, 61 NW 468, 50 Am St Rep 660, the court, after referring to the rule that acceptance by the plaintiff of an amount conceded by the defendant to be due does not preclude an appeal from the judgment in order to secure a greater amount, said, *obiter:*

"Again, cases will arise—they have arisen—in which the appellant has the right to ask for a more favorable judgment in the appellate court without having the case sent back for a new trial, on which, of course, the whole matter would be open again for investigation, which might result in a judgment not so favorable to plaintiff, or even one that would be adverse to him. In the class of cases in which a new trial of the whole case may result from the appeal, the element does not exist that exists in the one we have already alluded to. No portion of plaintiff's claim is admitted. Everything is in controversy. Under such a state of the pleadings, it is obvious that a reversal of the judgment and a new trial may result in a decision showing that the plaintiff was not entitled to what the former judgment gave him. In such a case the plaintiff cannot accept what that judgment gives him, and then by appeal pursue a course which may overthrow the right of which, he has availed himself. But if it is possible for him to obtain a more favorable judgment in the appellate court without the risk of a less favorable judgment from a new trial of the

whole case there or in the lower court, then the acceptance of what the judgment gives him is not inconsistent with an appeal for the sole purpose of securing, without retrial of the whole case, a decision more advantageous to himself. There are several cases in which this doctrine has been enforced, and others in which it has been recognized. *Monnet v. Merz,* (Super. Ct. N. Y.,) 17 N. Y. Supp. 380; affirmed in 131 N. Y. 646, 30 N. E. 866; *Clowes v. Dickenson,* 8 Cow. 328, as explained in *Knapp v. Brown,* 45 N. Y. 208; *Tarleton v. Goldthwaite,* 23 Ala. 346; *Inverarity v. Stowell,* 10 Or. 261." 4 ND at 383.

This principle appears to find support in some of the language we have quoted above from the opinion in the *Sherman* case and, also, in what was decided in *Inverarity v. Stowell, et al,* 10 Or 261.[9] In the following cases it has been either applied or distinctly recognized: *McIlroy v. McIlroy,* 191 Ark 45, 47-49, 83 SW2d 550; *Benkard v. Babcock,* 27 How Pr 391, 394 (NY); *Higbie v. Westlake,* 14 NY 281, 288; *Clowes v. Dickenson,* 8 Cowen 328, 331 (NY); *Cogswell v. Colley,* 22 Wis 399; *Fiedler v. Howard,* 99 Wis 388, 396,

---

[9] In a suit to foreclose a real property mortgage in which the mortgagor defaulted, the court, by its decree, ordered that a dwelling house built on the property after the execution and recording of the mortgage be sold separately from the land and the proceeds applied first to the satisfaction of mechanics' liens filed by certain of the defendants. After entry of the decree the plaintiff obtained an order for the issuance of an execution thereon, and it was claimed that the plaintiff had thereby waived his right to appeal from that part of the decree directing the sale of the building separate from the freehold. The court rejected this contention, saying:

"The decree for the sale of the property, except as to the sale of the dwelling house separate from the freehold, which was beyond the power of the court to direct, in our opinion, may well stand and be enforced, and yet the portion directing the application of the proceeds, be reversed or modified." 10 Or at 266.

75 NW 163, 67 Am St Rep 865. See, also, Annotation, 169 ALR supra, at 988, 991, 992.

*McIlroy v. McIlroy,* supra, is precisely in point— a wife was granted a decree of divorce and alimony, she accepted payments of alimony and appealed. In answer to the contention that she had thereby waived her right to prosecute the appeal, the court said:

> "In the case at bar there is no cross-appeal challenging the amount of alimony to be paid each month. Therefore, in any event, the appellant is entitled to those sums, and there is nothing inconsistent in her acceptance of the same and her contention as heretofore stated. *Kelley v. Laconia Levee District,* 74 Ark. 202, 85 S. W. 249, 87 S. W. 638." 191 Ark at 48-49.

■ Respondent in this case has not cross-appealed. As we have pointed out, he can defend the provisions of the decree appealed from, but this court can give him no better decree, although it has the power to render a decree more favorable to the appellant. In any event, the appellant is entitled absolutely to the alimony payments she has accepted. In these circumstances no reason exists for allowing the motion to dismiss the appeal and it is denied.