Argued and submitted December 6, 1983, affirmed in part, reversed in part and remanded March 6, 1984

In the Matter of the Marriage of

NICKERSON,
*Respondent/Petitioner on Review,*
*and*

NICKERSON,
*Petitioner/Respondent on Review.*

(CA A24809; SC 29875; SC 29958)

678 P2d 730

Kevin C. Gage, Salem, argued the cause and filed the petition for petitioner/respondent on review. Terry K. Haenny, Salem, filed the brief for petitioner/respondent.

Michael Duane Brown, Salem, argued the cause and filed the response for respondent/petitioner. With him on the petition and response was Churchill, Leonard, Brown & Donaldson, Salem. Kathy A. Lincoln, Salem, filed the brief for respondent/petitioner. With her on the brief was Churchill, Leonard, Brown & Donaldson, Salem.

ROBERTS, J.

## ROBERTS, J.

In this dissolution proceeding the trial court decreed that husband is required to pay $100 per month spousal support for one year, $265 per month child support and entered a $20,000 judgment in favor of wife, as a part of the property settlement, with interest at the annual rate of 15 per cent. The judgment was to be paid in three years; the interest to be paid annually. Husband appealed the support awards and the interest rate, but while appeal was pending he also moved in the trial court to modify the decree as to the support payments pursuant to ORS 107.135(1). He requested that spousal support be eliminated and child support be reduced because of a substantial reduction in his income. Wife moved to dismiss his appeal.

The Court of Appeals determined that it was bound by *Wilson v. Wilson,* 242 Or 201, 407 P2d 898, 408 P2d 940 (1965) and held that by moving to modify, husband necessarily recognized and acquiesced in the decree and waived his right to appeal those provisions of the decree addressing support. The Court of Appeals determined that it could decide the question of the amount of interest because this property division issue was divisible from the support issues. It held that when interest is allowed, it may not exceed the statutory rate, presently nine percent. ORS 82.010(3).

Husband seeks review of the Court of Appeals refusal to consider the award of spousal and child support. Wife seeks review of the court's decision on the interest. For the reasons below we hold that husband did not waive his right to appeal those portions of the decree he sought to modify during the pendency of the appeal and we affirm the Court of Appeals decision on the statutory interest rate. We consider first whether husband waived the right to appeal issues of support.

We have often held that a litigant may waive the right to appeal if he or she "acquiesces" in the underlying judgment or decree from which appeal is taken. The acts and circumstances that constitute "acquiesence" so as to foreclose an appeal, however, deserve more differentiated analysis. Our cases on waiver by acquiescence are numerous and cover the spectrum of civil matters, including dissolutions. The underlying premise of these cases is that a party should not be able to

attack the decree while at the same time relying on it to better his or her position or accept its benefits.

A review of the law of waiver by acquiescence in our dissolution cases is instructive. In *Sherman v. Sherman,* 89 Or 130, 173 P 572 (1918), we precluded a spouse who accepted alimony payments awarded her under the decree from appealing the decree, stating: "It is well settled in this state that a party cannot accept the benefits of part of a decree or judgment and appeal from the whole of it." 89 Or at 133. In *Carpenter v. Carpenter,* 153 Or 584, 56 P2d 305, 57 P2d 1098, 58 P2d 507 (1936), a spouse levied execution on some of the marital property awarded to her by the decree and sold the property. We dismissed her cross appeal and held that "[b]y enforcing a judgment or decree by execution or otherwise a party clearly waives his right to appeal unless the decree is such or the circumstances such that there is no inconsistency between such enforcement and the appeal." 153 Or at 590. In *Isenhart v. Isenhart,* 207 Or 365, 296 P2d 927 (1956), a spouse mortgaged her share of property awarded her in the decree. We dismissed her appeal because she had "availed herself of the benefits of the decree which she later sought by her appeal to challenge." 207 Or at 368. For the same reason, dismissal followed a spouse's withdrawal of money paid under the decree as attorney fees in *Anderson v. Anderson,* 232 Or 160, 374 P2d 479 (1962). In all these cases we found acquiescence because the appellants stood to gain something in the form of payments, credit or enforcement of an equitable remedy by virtue of the decree or judgment they later sought to attack on appeal.

There were two opinions in *Wilson v. Wilson, supra.* In the first, we modified the rule concerning waiver by accepting benefits and held that a spouse's acceptance of a property settlement payment did not preclude her appeal of child custody matters. In *Hofer v. Hofer,* 244 Or 88, 415 P2d 753 (1966), the rule was again modified and *Anderson* was effectively overruled when we held that a spouse's acceptance of alimony did not preclude her appeal because "no decision which we may render can affect the award of alimony to the appellant's disadvantage. She has become entitled to it absolutely." 244 Or at 93. In these cases modifying the rule, we

recognized that where an appellant accepted benefits pursuant to a decree, but her appeal did not affect her entitlement to those benefits, she had not "acquiesced."

We read *Sherman, Carpenter, Isenhart, Anderson, Hofer,* and the first *Wilson* opinion, all *supra,* as standing for the proposition that an appellant cannot accept the benefits of a judgment and also pursue, by appeal, a course which may overthrow the right to those same benefits. Unlike those cases, however, this is not a case in which a party has accepted the benefits of a decree and concurrently prosecuted an appeal which may affect those same rights.

■ ■ The second opinion after a renewed motion to dismiss in *Wilson,* the opinion by which the Court of Appeals felt bound, is not readily explained. This case is almost identical to *Wilson* in its facts. The *Wilson* court declared that the wife "recognized the binding force of the decree" and "acquiesced" in it by filing a motion to modify the custody provision in the circuit court pending appeal. 242 Or at 205. But in the context of that case, the word "acquiesced" is misleading. The word ascribes an attitude of acceptance or at least resignation to the party whose acts are held to constitute acquiescence, but such an implied attitude is not really material. Whether a party subjectively is satisfied or dissatisfied with a decree, the party may not appeal the decree after taking steps that treat the decree as settling the rights at issue. But the *Wilson* court failed to consider that once the notice of appeal was filed, the trial court lost jurisdiction and wife's motion to modify could have availed her nothing. Whatever that motion might signify as to the wife's subjective assumptions, as a legal step it was a nullity from which no consequences could be drawn. We now believe that our holding in *Wilson* was incorrect.

■ In 1965, when *Wilson* was decided, ORS 19.033(1) provided:

"When the notice of appeal has been served and filed as provided in ORS 19.023 to 19.029, the Supreme Court shall have jurisdiction of the cause, but the trial court shall have such powers in connection with the appeal as are conferred upon it by law."[1]

---

[1] The Oregon Court of Appeals was not created until 1969. Or Laws 1969, ch 198.

The only powers conferred upon the trial court during pendency of an appeal in 1965 appeared in ORS 107.100(2). That statute provided:

> "If an appeal is taken from a decree declaring a marriage void or dissolved or from any part of a decree rendered in pursuance of the provisions of ORS 107.010 to 107.100, the court making such decree shall provide for the temporary support of the minor children of the parties thereto, and may provide for the temporary support of the party found not to be at fault. The order may be modified at any time by the court making the decree appealed from, shall provide that the support money be paid in monthly instalments, and shall further provide that it is to be in effect only during the pendency of the appeal to the Supreme Court. No appeal to the Supreme Court lies from any such temporary order."

It is clear from these two provisions that when a notice of appeal was filed with the Supreme Court it had jurisdiction of the case, and the trial court's jurisdiction was terminated. The trial court could only act, while an appeal was pending, by way of a temporary order which was modifiable and unappealable. We now think that the *Wilson* court, in speaking of the wife's "acquiescence" in the trial court's decree, failed to note the difference we have mentioned between a legally effective step based on the decree and the mere appearance of "acquiescence" by filing a motion to modify that was beyond the trial court's power.

The statutes applicable to this appeal, ORS 19.033(1)[2] and ORS 107.105(4),[3] contain the same provisions

---

[2] At the time this appeal was taken, ORS 19.033(1) provided:

"When the notice of appeal has been served and filed as provided in ORS 19.023, 19.026 and 19.029, the Supreme Court or the Court of Appeals shall have jurisdiction of the cause, subject to a determination under ORS 2.520, but the trial court shall have such powers in connection with the appeal as are conferred upon it by law."

[3] At the time this appeal was taken ORS 107.105(4) provided:

"If an appeal is taken from a decree of annulment or dissolution of marriage or of separation or from any part of a decree rendered in pursuance of the provisions of ORS 107.005 to 107.085, 107.095, 107.105, 107.115 to 107.142, 107.405, 107.425, 107.445 to 107.520, 107.540 and 107.610, the court making such decree shall provide for the temporary support of the minor children of the parties thereto, and may provide for the temporary support of a party. The order may be modified at any time by the court making the decree appealed from, shall provide that the support money be paid in monthly instalments, and shall further provide that it is to be in effect only during the pendency of the appeal. No appeal lies from any such temporary order."

on jurisdiction and the authority of the trial court to enter temporary orders while an appeal is pending. What should have been the disposition of the case in *Wilson* applies here. We now hold that something more than mere "recognition" of the binding force of the decree is required to constitute acquiescence resulting in waiver of the right to appeal. A party is bound to the judgment or decree if the objective sought by its subsquent actions under the decree can be attained. Where the act purportedly demonstrating acquiescence is without legal effect and can further no interest of the party, no acquiescence occurs. To the extent that *Wilson* is inconsistent with this holding it is overruled.

■ In the instant case husband argues that he had to file a motion to modify his support obligations at the earliest possible time in order to avoid accrual of support obligations during the pendency of the appeal. Under ORS 107.135(3) the trial court is without power to set aside support obligations which accrue prior to the time a motion to modify is filed.[4] *But see Ellis and Ellis,* 292 Or 502, 640 P2d 1024 (1982).

■ If the trial court had jurisdiction to consider husband's motion to modify a decree he was appealing, husband could be said to have used the decree to his potential advantage, the benefit being that support obligations could cease to accrue from the time he filed his motion. Husband would then be held to have acquiesced in the decree. In fact, because of the pendency of the appeal, the trial court had no jurisdiction to consider a modification of the decree. Husband's motion, therefore, could avail him nothing, including the relief he seeks in this particular case. A party's acquiescence cannot be found in futile procedural gestures, conveniently labeled recognition or acknowledgment of the validity of a decree, initiated after the trial court has lost jurisdiction. Rather, the appellate court should consider whether it was possible for a party to have bettered his or her position in reliance on the judgment or decree before deciding that a litigant acquiesced in the decision and thereby waived the right to appeal from it.

---

[4] The temporary order procedure in ORS 107 105(4) is designed to aid litigants during the pendency of the appeal; it recognizes there may be a need for modification while an appeal is pending. The statute would permit husband here to pursue a modification, albeit a modification of the temporary order only, while avoiding any claim that he acquiesced in the permanent decree.

■ In this case, as in *Wilson,* husband filed a motion to modify under ORS 107.135(1). We now hold, contrary to our holding in *Wilson,* that the husband's filing of the ORS 107.135(1) motion in the trial court was a nullity because the trial court no longer had jurisdiction in the case. Jurisdiction was in the Court of Appeals.

■ With regard to the interest rate, we agree with the Court of Appeals that the statutory rate is the proper rate to be applied.

ORS 82.010(3) provides:

"Except as provided in this subsection, the rate of interest on judgments and decrees for the payment of money is nine percent per annum. Interest on a judgment or decree under this subsection accrues from the date of the entry of the judgment or decree unless the judgment or decree specifies another date. A judgment or decree on a contract bearing more than nine percent interest shall bear interest at the same rate provided in the contract as of the date of entry of the judgment or decree."

Wife argues that a dissolution of marriage court is not bound by ORS 82.010(3) because of the broad equitable powers granted it in Chapter 107, particularly that provision regarding division or disposition of real and personal property, "* * * as may be just and proper in all the circumstances." ORS 107.105(1)(e).

Wife directs us to cases from other jurisdictions in which the court awarded interest in excess of the rates authorized in statutes. *In Re Marriage of Stallcup,* 97 Cal App 3d 294, 158 Cal Rptr 679 (1979); *In Re Marriage of Escamilla,* 127 Cal App 3d 963, 179 Cal Rptr 842 (1982); and *Pope v. Pope,* 589 P2d 752 (Utah, 1978). The California cases concluded that the court could exercise its equitable powers in fashioning awards in dissolution proceedings that were reasonable under the circumstances in spite of a constitutional provision setting the rate of interest on judgments. The Utah court upheld an interest rate higher than the statutory rate in order to induce a spouse to pay the amount due on the property settlement in a timely fashion. The interest rate increased only when the spouse failed to pay within six months. 589 P2d at 754.

It has more generally been held that the statutory rate of interest applies to all judgments and decrees, including dissolution of marriage decrees. *See* 47 CJS, Interest and Usury § 41, at 102-03 (1982) and cases therein, particularly *Ridge v. Ridge,* 572 SW2d 859 (Ky 1978); *Burke v. Burke,* 127 Colo 257, 255 P2d 740 (1953); *Doyle v. Doyle,* 577 SW2d 64 (Mo. App 1979); *Stanaway v. Stanaway,* 70 Mich App 294, 245 NW2d 723 (1976). These cases provide guidance but are not dispositive of our interpretation of Oregon's statutory provision.

In examining our statute we do not believe it allows the court the flexibility wife suggests. The statute is specific to the point of being mandatory. It states: *"Except as provided in this subsection,* the rate of interest on judgments and decrees for the payment of money *is* nine percent per annum." (Emphasis added.)[5] The award to wife of $20,000 as her share of the property settlement is a "judgment for the payment of money." The only exception in the subsection pertains to a judgment or decree on a contract in which the parties have already agreed to a different rate of interest. The statute makes no exception for awards made in dissolution of marriage cases. If there is to be an exception, that subject is better addressed to the legislature.

Our conclusion that the statutory rate of interest in ORS 82.010(3) applies to dissolution of marriage decrees does not finally decide this case, however. The trial court required husband to pay wife $100 per month spousal support for 12 months. Wife was also awarded the $20,000 judgment which was to be paid in three years. The 15 percent interest was to be paid annually.

 We have recognized that spousal support and property distribution sometimes are interrelated. In fashioning a decree that is "just and proper in all the circumstances," a trial court must formulate the decree so as to achieve the equitable objectives of a dissolution proceeding. *Haguewood and Haguewood,* 292 Or 197, 199, 638 P2d 1135 (1981). The amount and kind of property to be distributed often determine

---

[5] We note a very old case, *Bremer & Co. v. Fleckenstein & Mayer,* 9 Or 266 (1881), which held it was error to allow interest in excess of the legal rate as damages. We do not necessarily rely on that case because it dealt with interest in a mortgage fraud case.

the amount and duration of spousal support. The amount and schedule of interest payments and the date of payment of the judgment may also have an effect on the spousal support award. The trial court's decision may have reflected such an integrated approach. Had the trial court known it could set the interest rate on the judgment no higher than the statutory nine percent it might have made a different distribution of the property or made a different award of spousal support. Because the Court of Appeals may exercise its de novo review authority, we remand the case to it to consider both husband's challenge to the support provisions and the effect of the reduction in income to wife because of the lower interest rate.

Affirmed in part; reversed in part and remanded to the Court of Appeals.