Argued and submitted November 21, 1984, affirmed May 1, 1985

ALBRIGHT,
*Respondent - Cross-Appellant,*

*v.*

ALBRIGHT,
*Appellant - Cross-Respondent.*

(A8001-00493; CA A30912)

699 P2d 195

Ira L. Gottlieb, Portland, argued the cause for appellant - cross-respondent. With him on the briefs was Keller, Gottlieb & Gorin, Portland.

Robert Barsocchini, Portland, argued the cause for respondent - cross-appellant. With him on the brief was Paul J. Rask, Portland.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

GILLETTE, P. J.

### GILLETTE, P. J.

Plaintiff brought this action for an accounting and to set aside a trust agreement. Although the pleadings did not raise the issue, the trial court also partitioned jointly owned real and personal property at the request of the parties.[1] Both parties now appeal the trial court's disposition of the accounting action; plaintiff cross-appeals from the partitioning. We affirm.

The parties dissolution decree had divided four rental properties (the Albright properties) between plaintiff (wife) and defendant (husband), with each retaining a one-half interest as a tenant in common. Plaintiff's interest was held in trust for her benefit by her then attorney, with defendant retaining full management powers. Plaintiff was also awarded 25 percent of the outstanding shares of Western Mortgage Company, a personal holding company, and defendant retained a 75 percent interest.[2]

■    Defendant managed the jointly held properties for several years until plaintiff brought this action. The trial court found, we conclude correctly, that defendant was neither a constructive trustee, *Hurlbutt v. Hurlbutt,* 36 Or App 721, 585 P2d 724 (1978), nor an agent of plaintiff, *Gaha v. Taylor-Johnson Dodge, Inc.,* 53 Or App 471, 632 P2d 483 (1981), in his property managing position. Rather, he was a tenant in common with both a common law duty to account to his co-tenant for rents received and a contractual duty under the dissolution decree to provide "accountings at reasonable intervals."

■    The trial court found as a fact that some of defendant's charges to the Albright property for expenses were unjustified. The evidence in the record supports the finding; we adopt it.

■    The trial court also found that the management fee

---

[1] "The parties" refers to plaintiff and defendant Herbert P. Albright, plaintiff's former husband. None of the other parties to the original proceeding is involved in this appeal.

[2] No shares were actually transferred to wife, and the trial court found that no transfer had ever been demanded, nor would such a transfer have altered the company's operation.

charged to the Albright Property by defendant was exhorbitant and fixed the rate in line with an industry average evidenced by expert testimony. Judgment was entered against defendant for the amount improperly charged to the Albright property and found owing to plaintiff. On *de novo* review, we decline to upset the trial court's ruling on the accounting action.[3]

■ ■   The pleadings do not request a partitioning. The parties, by mutual agreement, merely asked the court to order a disentanglement as the accounting trial came to an end.[4] The pleadings do contain a prayer for general equitable relief. We have held that, given a general prayer for relief, a court in equity "may shape [the] decree according to the equities of the case and will grant any relief warranted by the allegation of the bill and the evidence in the case * * *." *Lawrence v. Peel,* 45 Or App 233, 239, 607 P2d 1386 (1980); *but see Hurlbutt v. Hurlbutt, supra,* 36 Or App at 725 (reversing trial court which *sua sponte* had held for the plaintiff on a theory wholly different from that pleaded and argued by the parties); *see also Schumate v. Robinson,* 52 Or App 199, 627 P2d 1295 (1981). The trial court had authority to order the partition.

The court adopted a scheme submitted by defendant, entailing complex like-kind property exchanges between defendant, plaintiff and Western Mortgage Company. This plan was designed both to minimize adverse tax consequences of the partitioning and to disentangle the parties' interests in

---

[3] Defendant also appeals the court's failure to terminate monthly payments to plaintiff, characterized in the dissolution decree as property division payments, although they resemble alimony. The trial court correctly concluded that it had not been called upon to modify the dissolution decree, even if it had authority to do so, in the action for accounting or partitioning of the property owned by the parties as co-tenants.

[4] A motion to consolidate this case with the original dissolution action was filed, but no order on the motion is in the record. Even if there had been such an order, a consolidation would not have given the court authority to partition the property under its continuing jurisdiction over the dissolution proceedings. The pertinent domestic relations statute, ORS 107.105(b), provides:

"If as a result of a suit for the * * * dissolution of a marriage * * *, the parties to such a suit become owners of an undivided interest in any real or personal property, or both, either party may maintain supplemental proceedings by filing a petition in such suit for the partition of such real or personal property, or both, within two years from the entry of said decree * * *."

This proceeding was not brought within that time.

Western Mortgage. Before entering the judgment, the trial court noted its concern over "the paucity of financial information that was received" and invited the parties to ask for a reopening of the case to hear additional evidence. As far as this record shows, no such request was made. The judgment is affirmed on the appeal.

Plaintiff has cross-appealed, claiming that the ultimate disposition of property by the trial court left her with a smaller share than she was due under the 1974 dissolution decree, *i.e.*, with less than 50 percent of the Albright property and 25 percent of Western Mortgage Company. Relying on ORS 105.250,[5] she asks for payment on account of this inequality as owelty.

The evidence in the record concerning the value of the property exchanged is conflicting. Especially unclear is the value assigned to plaintiff's 25 percent interest in Western Mortgage. Normally, we would be inclined to remand for further development of the record on valuation. However, the briefs indicate that both parties have complied with the property rearrangement plan ordered below. We hold that, by accepting the benefits of the judgment, plaintiff waived her right to appeal it.

The general rule was stated in *Moore v. Floyd,* 4 Or 260, 261 (1872):

> "The right to proceed on the judgment and enjoy its fruits, and the right of appeal, are not concurrent; on the contrary, they are totally inconsistent. An election to take one of these courses was, therefore, a renunciation of the other."

*See Nickerson v. Nickerson,* 296 Or 516, 678 P2d 730 (1984); *Zerkel v. Lindsey,* 270 Or 517, 528 P2d 1041 (1974); *Isenhart v. Isenhart,* 207 Or 365, 296 P2d 927 (1956). This case is similar to *Cottrell et ux v. Prier et ux,* 191 Or 571, 231 P2d 788 (1951). There an appeal was dismissed when the defendant elected to deliver a deed as ordered by the trial court rather than to execute the instrument and deposit it with the clerk "within

---

[5] ORS 105.250 reads in part:

"When it appears that partition cannot be made without prejudice to the rights and interests of some of the parties, the court may adjudge compensation to be made by one party to another on account of the inequality of partition."

the time allowed to file the undertaking, to abide the decree of the appellate court. [ORS 19.040(2)]." 191 Or at 574.

This case is not controlled by *Hofer v. Hofer,* 244 Or 88, 415 P2d 753 (1966). In *Hofer,* the appellant was the prevailing party below and appealed specific provisions of the decree to secure a more favorable division rather than seeking reversal of the entire judgment. The appeal was allowed. *Hofer* illustrates that acceptance of benefits is not a waiver when there is no inconsistency between enforcement of the judgment and the appeal. *Carpenter v. Carpenter,* 153 Or 584, 590, 56 P2d 305 57 P2d 1098, 58 P2d 1502 (1936). In other words:

> "A limitation to this rule exists where a reversal of the judgment or order cannot effect the right of the party to the benefit which he has secured thereby. As for example, where there is no controversy as to his right for the amount for which the judgment was given, but he claims that he was entitled to a greater amount." *Annot.,* 169 ALR at 988 (1947).

The limitation does not apply here. Plaintiff is asking that we award her $281,129.60, in addition to the property exchanged. As we have already noted, the record is inadequate for entry of such a judgment, and any alteration of the result would require a remand. Any adjustment on retrial would almost certainly have a significant effect on the tax sensitive like-kind exchanges ordered by the court, thereby requiring a complete reevaluation of the property exchange plan. That in turn would require plaintiff to risk putting the particular properties already accepted by her in jeopardy of being reapportioned between the parties. On the cross-appeal, the judgment is affirmed. *See Schlecht v. Bliss,* 271 Or 304, 532 P2d 1 (1975); *Annot., supra,* 169 ALR 1026 ("If the review is such as to involve the possibility that any part of the share accepted may go to the other distributees or be returned to the distributor, the party is barred by his acceptance.").

Affirmed on appeal and on cross-appeal.