Submitted on record and briefs February 19, affirmed on appeal; judgment modified on cross-appeal June 23, 1993

# In the Matter of the Marriage of

## Judith Scott CARLACIO,
*Respondent - Cross-Appellant,*

*and*

## George GEBRAYEL,
*Appellant - Cross-Respondent.*

(89C-33038; CA A67179)

854 P2d 981

Nancy G. Neslund, Salem, filed the briefs for appellant - cross-respondent. With her on the briefs were Callaghan, Neslund, Neslund & Wilkes and Clayton C. Patrick, Salem.

Judith Carlacio, San Diego, California, filed the brief *pro se*.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

EDMONDS, J.

**EDMONDS, J.**

In this dissolution of marriage case, husband appeals the trial court's property division judgment. He argues that the money judgment awarded to wife should be reduced. Wife cross-appeals and argues that the judgment should be increased. We review *de novo*. ORS 19.125(3).

Before their marriage, the parties lived together for eight months in wife's home. During that time, both were full-time graduate students and wife paid for most of their living expenses. In April, 1987, husband was imprisoned. Wife paid legal fees in connection with husband's attempt to pursue post-conviction remedies, which he promised to repay. During husband's incarceration, wife traveled to visit him, conducted his business affairs through a general power of attorney and purchased farm property in Oregon at his request. Wife paid the down payment and closing costs for the farm, out of her own personal funds, which she purchased with husband as tenants in common. While husband was in prison, wife moved to Oregon with husband's son, who she was financially supporting under an agreement that she would be reimbursed. After husband's release from prison, the parties were married in April, 1988. They separated in November, 1989.

Under the dissolution judgment, each party retains the property he and she brought into the marriage, husband is awarded the farm and its timber proceeds, and wife is granted a judgment for $61,649. In its oral ruling, the trial court said that wife's money judgment was in recognition of

"[t]he money spent for attorney fees with 10 percent interest, $29,853, and also for the related expenses — especially trips to and from [the prison], I guess, plus some other ones, trips to Oregon, I think it's fair to share that expense. It wasn't entirely for [husband's] benefit or [wife's] benefit. You both probably got something out of it. That figure is $4,723. Then there is another item for expenses in 1988 from May 1st, that figure is $4,171; together with the money spent for [husband's son and brother] traveling to Montreal * * * of $1,902.

"I'm going to give [wife] an interest in the farm property, * * * a judgment in the sum of $21,000."

The trial judge ordered husband to sell a $100,000 certificate of deposit in order to satisfy wife's award.

Shortly after the judgment was entered, wife garnished husband's personal bank account in execution of the judgment and received $785.20. She also filed a contempt proceeding for husband's failure to use the proceeds from the sale of the certificate of deposit to satisfy the judgment. That proceeding was dismissed for lack of jurisdiction because of this appeal.

Husband's arguments on appeal in support of his request to reduce wife's award by $25,813, do not require discussion. On cross-appeal, wife argues that the trial court awarded an insufficient amount for her interest in the farm, that she was entitled to a share of the proceeds from logging done on the farm and on an adjacent piece of property, that the trial court did not recognize her interest in two corporate entities owned by husband, and that she should have been awarded one-half of the appreciation of other real property owned separately by husband. She seeks an award of $169,246.

Husband argues that wife's cross-appeal should be dismissed, because she waived her right to appeal when she garnished his bank account and filed a contempt proceeding. Wife filed a motion for contempt on October 24, 1990, requesting that the trial court find husband in contempt for disobeying the provision of the dissolution judgment that required husband to sell the $100,000 certificate of deposit. On the same date, she garnished husband's bank account and received $785. On November 7, 1990, the day the show cause hearing on the contempt motion was to be held, husband filed a timely notice of appeal from the dissolution judgment and wife subsequently cross-appealed. As a result of these appeals, the trial court dismissed the contempt proceeding because it had lost jurisdiction.

An appellant cannot accept the benefits of a judgment and also pursue, by appeal, a course that may overthrow the right to those same benefits. *Nickerson and Nickerson*, 296 Or 516, 520, 678 P2d 730 (1984). The enforcement of a judgment may be inconsistent with the appeal of that same

judgment. *Carpenter v. Carpenter*, 153 Or 584, 590, 56 P2d 305 (1936). However,

> "a party's acquiescence [to a judgment on appeal] cannot be found in futile procedural gestures, conveniently labeled recognition or acknowledgment of the validity of a decree, initiated after the trial court has lost jurisdiction. Rather, the appellate court should consider whether it was possible for a party to have bettered his or her position in reliance on the judgment or decree before deciding that a litigant acquiesced in the decision and thereby waived the right to appeal from it." *Nickerson and Nickerson, supra,* 396 Or at 522.

Under ORS 19.033, when a notice of appeal has been filed, the trial court retains only those powers "in connection with the appeal as are conferred upon it by law." In this instance, there is no express statutory authority that allows the trial court to hold a party in contempt for disobeying a provision of a judgment when an appeal from that judgment is pending.[1]

■ ■ The appeal by husband rendered wife's contempt motion a legal nullity. Because she could no longer benefit by it, we hold that she has not forfeited her right to appeal. Moreover, wife's garnishment was not inconsistent with her cross-appeal in the light of the fact that husband concedes on appeal that wife is entitled to a judgment of $35,836. *See Schlecht v. Bliss*, 271 Or 304, 310 n 1, 532 P2d 1 (1975); *Albright v. Albright*, 73 Or App 410, 415, 699 P2d 195 (1985).

■ Wife first assigns error to the trial court's award of $21,000 for her interest in the farm. She argues that she is entitled to more, because the property was worth more than $250,000 at the time of trial. Neither party disputes that the land without the timber was worth $170,000.[2] The evidence of the value of the timber on the farm, however, was conflicting. We find that the testimony given by wife's expert is more reliable, because of his qualifications, the completeness of his valuation and his objective calculations of costs of harvest.

---

[1] ORS 107.105(4) confers contempt powers on a trial court when an appeal of a dissolution judgment is pending. However, those powers are limited to enforcement of a separate order for temporary child or spousal support, or temporary custody or visitation.

[2] Husband's argument that the value will be considerably less if a pending lawsuit results in an easement being granted over the property is speculative. We reject it for that reason.

Based on his testimony, the stumpage value of the timber was $102,800.[3] We find that the fair market value of the property at the time of trial was $272,800. Therefore, the appreciation in the value of the farm, based on its purchase price of $140,000, is $132,800.

■　Before dividing the appreciation, we deduct any personal financial contributions made by each party. There is evidence that husband paid, out of his own funds, $21,600 in legal fees associated with a lawsuit involving the farm that both he and wife defended before the dissolution judgment was entered. Therefore, $111,200 remains to be divided between the parties. Each party is presumed to have contributed equally to the appreciated value of the farm. ORS 107.105(1)(f). We find that neither party has successfully rebutted that presumption. Wife paid out of her own funds $21,000 as the down payment for the farm. Because husband was awarded the farm, we return wife's investment of $21,000 to her and add to it $55,600 for one-half of the net appreciation. We modify the judgment, adding $76,600 as wife's interest in the farm to the trial judge's award of $40,649, which reimburses wife for the money expended on behalf of husband. The total award to wife is $117,249.

As part of wife's second assignment of error, she argues that she should have been awarded a portion of the proceeds husband collected from logging done on the farm. We resolved this error in our holding on her first assignment of error, because the figure we relied on for the timber value incorporated the value of any timber logged before trial. The remaining part of her second assignment and her entire third assignment were not preserved and, therefore, we do not address them.

■　Wife also assigns as error the trial court's failure to award her a share of the appreciation of husband's separate real property. She introduced evidence that the property, which husband bought in 1976, had appreciated by $32,220 from 1989 to 1991. In certain circumstances, we have held that appreciation of separate property may be considered a marital asset to be shared by the parties. In *Olinger and*

---

[3] The expert testified that stumpage value is "current market value of delivered comparable logs less logging costs and taxes."

*Olinger*, 75 Or App 351, 707 P2d 64, *rev den* 300 Or 367 (1985), we held that the wife was entitled to one-half of the appreciation of an automobile dealership that the husband had purchased before the parties were married, because during the parties' eight-year marriage, she had worked for the dealership, contributing her salary to the marital estate and at times working without pay. Likewise, in *Gerlitz and Gerlitz*, 50 Or App 443, 623 P2d 1088, *rev den* 290 Or 853 (1981), we held that the husband was entitled to share in the appreciation of a house that the wife had purchased a few months before the parties were married. In that case, the equity in the house before the marriage had grown to $50,000 at the time of trial. During the six-year marriage, both parties contributed equally to the mortgage payments and the husband expended time and money maintaining the home.

In this case, wife testified that she paid some mortgage payments out of joint funds while husband was in prison. However, there is no evidence as to the amount of these payments. Furthermore, there is nothing in the record to indicate what the equity in the property was before the parties' marriage, nor is there evidence that wife made other contributions to the property during the parties' three year relationship. Under the circumstances, wife has not demonstrated that she is entitled to a share of the appreciation of husband's separate property.

Affirmed on appeal; on cross-appeal, judgment modified to award wife $117,249. Costs to wife.