Argued and submitted October 20, reversed and remanded with instructions
November 29, 1995

Jane ST. JOHN
and James Heiden,
*Plaintiffs,*
*and*

Pat HERRICK
and Friends of the Historic 804
County Road and Hiking Trail,
aka 804 Revisited Committee as an entity unto itself
and as its individual members in their own right,
Portia Foster, William Adams,
Norma McMillin, Janice Brandstrom,
Charlotte Mills, Joan Criswell,
Rita Boudreau and Barbara Foster,
*Appellants,*

*v.*

YACHATS PLANNING COMMISSION,
Yachats City Council,
Norman M. Forrester and William R. Griffin,
*Respondents.*

(943070; CA A86763)

906 P2d 304

Richard W. Scholl argued the cause and filed the brief for appellants.

John Dumas argued the cause and filed the brief for respondents Norman M. Forrester and William R. Griffin.

No appearance for respondents Yachats Planning Commission and Yachats City Council.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DEITS, P. J.

**DEITS, P. J.**

After the City of Yachats Planning Commission granted Forrester's and Griffin's (defendants) application for a building permit to construct a single-family dwelling, plaintiffs brought this action to enjoin the construction. The trial court reached the merits of the controversy and ruled in favor of defendants. Some of plaintiffs appeal.[1] We hold that the court lacked jurisdiction and remand with instructions to dismiss the action.[2]

In 1978, the city enacted a zoning ordinance that contained a "grandfather" clause allowing construction of dwellings of the kind in question here on existing lots that the 1978 ordinance rendered undersize. In 1979, defendants' lot was created by partition. It was and remains undersize. In 1993, the city amended its zoning ordinance. The grandfather clause was carried forward virtually unchanged from the 1978 ordinance, with the result that both ordinances describe the grandfathered lots as those that existed "at the time of the passage of *this* ordinance." (Emphasis supplied.) The parties dispute whether the grandfather clause in general, and the quoted language in particular, relates to undersize lots that predate the 1978 enactment only, or also includes those that predate the 1993 legislation. Plaintiffs contend that the 1978 ordinance is the only applicable one, with the effect, according to them, that defendants' lot is not grandfathered. Defendants assert that the 1993 ordinance is applicable, with what they maintain is the opposite effect. In essence, the trial court agreed with defendants.

Plaintiffs assign two errors: that the court was wrong on the merits and that it lacked subject matter jurisdiction over this action that plaintiffs brought. Normally, an assignment of the second kind, if correct, would demonstrate "invited error," and could not serve as a basis for appellate relief. Here, however, the asserted error is jurisdictional, and we must reach it.

---

[1] In the balance of this opinion, we will refer only to the appellants as "plaintiffs."

[2] In *Mills v. City of Yachats*, 134 Or App 581, 896 P2d 13, *rev den* 321 Or 512 (1995), we addressed issues related to those here and arising out of the same dispute.

On numerous occasions we have addressed the general issue of when land use matters are subject to the exclusive LUBA review process and, conversely, when they can come within the jurisdiction of the circuit courts. *See, e.g., Clackamas County v. Marson*, 128 Or App 18, 874 P2d 110, *rev den* 319 Or 572 (1994), and authorities there cited. In general terms, LUBA has exclusive jurisdiction to review local "land use decisions," ORS 197.825, but those are defined *not* to include local actions, *inter alia*, "made under land use standards which do not require interpretation or the exercise of policy or legal judgment," or involving building permits "issued under clear and objective legal standards." ORS 197.015(10)(b). The circuit courts "retain" jurisdiction to grant injunctive and other relief in connection with matters of those latter kinds. ORS 197.825(3)(a).

In this situation, it *may* be that, once the applicable standards are identified, they will be capable of clear and objective application. However, the process of identifying whether the 1978 or the 1993 ordinance *is* applicable calls for interpretation and legal judgment and is not determinable under clear and objective standards. Determining what standards are applicable is as much a part of the decision as applying the standards after that threshold determination is made.

Defendants argue that the choice between the two ordinances is not a close one and that the correct interpretation of which one applies is clear. Assuming that argument to be correct, it is of no moment. Beyond the point that there is no plausible or nonfrivolous issue as to the meaning of legislation—a point which has not been reached here—the question is not whether the interpretive issue is easy or hard, but whether there *is* an interpretation to be made. *Marson*, 128 Or App at 21-22. We conclude that there is one to be made by the city here and that the matter therefore does not come within the circuit court's jurisdiction under ORS 197.015-(10)(b) and ORS 197.825(3). Any final local decision in this matter is subject to the exclusive land use decision and review process, and the circuit court lacked jurisdiction over this action.

Reversed and remanded with instructions to dismiss the action.