Argued and submitted June 1, 2000, judgment vacated February 14, 2001

## In the Matter of the Marriage of

## Edward Garside CHESTER, Jr.,
*Appellant,*

## *and*

## Julie Vial CHESTER,
nka Julie Vogel,
*Respondent.*

## (9310-69058; CA A103117)

18 P3d 1111

Mark A. Johnson argued the cause for appellant. With him on the briefs was Bennett, Hartman & Reynolds.

Lawrence D. Gorin argued the cause and filed the brief for respondent.

Before Haselton Presiding Judge, and Deits, Chief Judge,* and Wollheim, Judge.

WOLLHEIM, J.

---

\* Deits, C. J., *vice* De Muniz, J., resigned.

## WOLLHEIM, J.

Husband appeals a judgment modifying a judgment of dissolution of marriage. We hold that the trial court lacked subject matter jurisdiction. Accordingly, we vacate the judgment.

The relevant facts are as follows: Husband and wife were married in Oregon in 1982. In 1993, the parties' marriage was dissolved in Montana. That final judgment of dissolution awarded the parties joint legal custody of their two children, with wife appointed as the primary residential custodian. Shortly after the dissolution, wife relocated to Oregon, registered the Montana dissolution judgment and moved to modify that judgment to award her sole custody of the children and to restrict husband's parenting time. While that action was pending, husband relocated to Idaho. In June 1995, the Oregon circuit court entered a judgment (1995 judgment) that, *inter alia*, awarded sole custody of the two children to mother and modified father's parenting time. Both parties appealed that judgment. We dismissed those appeals on June 29, 1998.

During the period between June 1995 and June 1998, while the 1995 judgment was on appeal, several events took place. First, both parties filed motions for temporary orders regarding custody of the children and visitation. Throughout that period, the trial court held hearings pertaining to those motions. Second, wife and the children relocated to California in September 1996. Third, each party filed a motion for permanent modification of the dissolution judgment. Husband moved to modify the 1995 judgment in May 1997 (May 1997 motion). Wife moved to modify the 1995 judgment in November 1997 (November 1997 motion). Subsequently, husband sought, unsuccessfully, to have each motion dismissed for lack of subject matter jurisdiction.

In June 1998, several days before we dismissed the appeal on the 1995 judgment, the trial court granted wife's November 1997 motion and signed a judgment modifying the judgment dissolving the marriage (1998 judgment). Husband appeals the 1998 judgment on the ground that the trial court lacked subject matter jurisdiction to modify the dissolution

degree during the period that the 1995 judgment was on appeal.

■■ We first examine whether the trial court had subject matter jurisdiction to modify the dissolution judgment during the appeal of the 1995 judgment. "When sitting as a domestic-relations court, a circuit court has only that authority granted by statute." *Spady v. Graves*, 307 Or 483, 488, 770 P2d 53 (1989). The relevant portion of ORS 19.033(1) (1995) provides:

> "When the notice of appeal has been served and filed * * *, the Supreme Court or the Court of Appeals shall have jurisdiction of the cause, pursuant to rules of the court, but the trial court shall have such powers in connection with the appeal as are conferred upon it by law[.]"

One of those trial court powers is the authority to issue *temporary* orders regarding care, custody, support and maintenance of minor children, and the visitation rights of the noncustodial parent when an appeal is taken from a judgment of dissolution of marriage. ORS 107.105(4) (1995).[1] Important to the resolution of the case presented here is the legal distinction between motions requesting temporary orders—over which a trial court retains subject matter jurisdiction during an appeal—and motions requesting modification of a dissolution judgment—over which a trial court does not retain subject matter jurisdiction during an appeal.[2] Applying the

---

[1] ORS 107.105(4) (1995) provided:

"If an appeal is taken from a * * * dissolution of marriage * * * or from any part of a decree rendered in pursuance of the provisions [allowing for modification of a decree] * * * the court making such decree may provide in a separate order for any relief provided for in ORS 107.095 and shall provide that the order is to be in effect only during the pendency of the appeal. A temporary order under this section may be enforced as provided[.] No appeal lies from any such temporary order."

ORS 107.095(1)(b) (1995) provided that a trial court may provide "[f]or the care, custody, support and maintenance, by one party or jointly, of the minor children as described * * * and for the visitation rights * * * of the parent not having custody of such children."

[2] The 1995 statutory scheme was changed by the legislature in 1997 to allow a trial court, under certain circumstances, to modify a judgment while an appeal from that judgment is pending before an appellate court. Or Laws 1997, ch 71, § 11 (codified at ORS 19.275 (1997)). That change is not applicable in this instance because the appeal from the 1995 judgment was commenced before the effective date of the statutory change. *Id.* at § 22.

relevant facts here, during the appeal of the 1995 judgment, from June 1995 to June 1998, the trial court had authority to consider only motions for temporary orders pertaining to custody and visitation issues. Consequently, the trial court lacked subject matter jurisdiction to consider wife's November 1997 motion, because jurisdiction to modify the 1995 judgment was in the Court of Appeals. Because the trial court lacked subject matter jurisdiction to consider the November 1997 motion, that motion constituted a nullity and has no legal effect. *Nickerson and Nickerson*, 296 Or 516, 522-23, 678 P2d 730 (1984).[3]

■ Wife contends that the trial court had subject matter jurisdiction pursuant to the Uniform Child Custody Jurisdiction Act (UCCJA), ORS 109.700 to ORS 109.930. Even assuming that a trial court could exercise jurisdiction under the UCCJA when it did not have jurisdiction pursuant to ORS 19.033(1) (1995),[4] we conclude that the trial court did not have subject matter jurisdiction under the UCCJA to modify the 1995 judgment.

---

[3] In *Nickerson*, the husband appealed a judgment of dissolution awarding spousal support, child support and interest. While the appeal was pending, the husband moved that the trial court modify the support provisions of the judgment on the basis of a change of circumstances. We held that, by moving to modify the judgment, the husband necessarily recognized and acquiesced to the judgment and waived his right to appeal the provisions of the judgment pertaining to support. *Nickerson*, 296 Or at 518. The Supreme Court held that the husband did not waive his right to appeal those provisions of the judgment he sought to modify because, while the appeal was pending, the trial court had no jurisdiction to consider modification of the judgment. *Id.* at 522. The Supreme Court concluded that the husband's motion to the trial court constituted a nullity, because jurisdiction of the case was in the Court of Appeals. *Id.* at 523.

[4] Neither this court nor the Supreme Court has directly addressed that issue. Decisions from other jurisdictions that have adopted the UCCJA are split. *Compare Williams v. Williams*, 555 NE2d 142, 145 (Ind 1990) ("The authority to hear child custody cases is not directly granted by the UCCJA. * * * The jurisdictional limitations imposed by the UCCJA are not equivalent to declarations of subject matter jurisdiction, but rather are refinements of the ancillary capacity of a trial court to exercise authority over a particular case.") *with In re Stephanie M.*, 7 Cal 4th 295, 27 Cal Rptr 2d 595, 867 P2d 706, 713, *cert den Jose M. v. San Diego County Department of Social Services*, 513 US 908, and *Mendez v. San Diego County Department of Social Services*, 513 US 937 (1994) ("[The UCCJA] provides the exclusive method of determining subject matter jurisdiction in custody cases in California."). Because we need not resolve that specific issue to decide the case here, we decline to do so.

■ Under the UCCJA, a trial court must engage in a multi-step analysis to resolve child custody disputes. *State ex rel Pennsylvania v. Stork*, 56 Or App 335, 340, 641 P2d 660, *rev den* 293 Or 190 (1982). The initial step is for the trial court to determine whether it has UCCJA jurisdiction under ORS 109.730 (1995). *Id.* If it has jurisdiction, the trial court must then determine whether it will exercise jurisdiction by considering factors enumerated under ORS 109.770(3) (1995) and, if it does, what actions are in the best interests of the child. *Id.* at 341.

The UCCJA provision that addressed jurisdiction, ORS 109.730 (1995), provided:

"(1) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:

"(a) This state is the home state of the child at the time of the commencement of the proceeding, or has been the child's home state within six months before commencement of the proceeding and the child is absent from this state because of removal or retention by a person claiming custody or for other reasons, and a parent or person acting as parent continues to live in this state;

"(b) It is in the best interest of the child that a court of this state assume jurisdiction because the child and the parents of the child, or the child and at least one contestant, have a significant connection with this state, and there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships;

"(c) The child is physically present in this state and the child has been abandoned or it is necessary in an emergency to protect the child because the child has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent; or

"(d) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with paragraph (a), (b) or (c) of this subsection, or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and it is in the best interest of the child that this court assume jurisdiction."

The trial court did not have subject matter jurisdiction, pursuant to ORS 109.730(1) (1995), to modify the 1995 judgment for the following reasons. It did not have subject matter jurisdiction pursuant to paragraph (a) because, at the time of wife's November 1997 motion to modify the judgment of dissolution, the children were residents of California and had not been residents of Oregon since September 1996— well over six months before commencement of that proceeding. Wife argues that the November 1997 motion was merely a continuation of a proceeding already pending before the court and that the issue of jurisdiction "was not required to be re-examined." Wife's argument is unavailing. The pending proceeding that wife speaks of was initiated by a motion for temporary orders regarding child custody. As explained above, the trial court had jurisdiction to conduct that proceeding. However, wife's November 1997 motion requested that the trial court issue an "order and final judgment" modifying visitation and child support obligations. That motion is not the same as, nor a continuation of, a motion requesting temporary orders. Wife's November 1997 motion constituted a new action, and the trial court did not have subject matter jurisdiction pursuant to paragraph (a) to hear that motion. Arguably, wife's motion was in response to husband's May 1997 motion to modify. However, the trial court did not have jurisdiction over that motion for the same reasons it did not have jurisdiction over wife's November 1997 motion.

■ The trial court did not have UCCJA jurisdiction pursuant to paragraph (b) because neither the children nor either contestant had a significant relationship to Oregon, and there was no substantial evidence in Oregon concerning the children's present or future care, protection, training, and personal relationships. Wife argues that the appeal of the 1995 judgment constituted substantial evidence in Oregon. Wife is mistaken. That litigation and the evidence gathered for the 1995 judgment constituted evidence concerning the children's *past* care, protection, training, and personal relationships. The evidence concerning the children's *present* and *future* care, protection, training, and personal relationships—evidence relevant to wife's November 1997 motion— was substantially in California, children's home for the previous 14 months.

■ The last two paragraphs of ORS 109.730(1) are more readily dismissed. The trial court did not have jurisdiction pursuant to paragraph (c) because the children were not physically present in the state, had not been abandoned and no emergency existed. Finally, the trial court did not have jurisdiction pursuant to paragraph (d) because, under the prerequisites of paragraph (a), California was the proper forum to exercise jurisdiction and it had not declined to exercise jurisdiction in this instance. Consequently, the trial court did not have jurisdiction pursuant to the UCCJA to consider wife's November 1997 motion to modify the 1995 judgment of dissolution of marriage.[5]

■ Finally, wife argues that, by filing the May 1997 motion, husband either consented to subject matter jurisdiction by the trial court, waived his right to contest subject matter jurisdiction, or is otherwise estopped from asserting lack of subject matter jurisdiction due to principles of invited error. We disagree. We consider jurisdictional issues regardless of when they are presented. *Baty v. Slater*, 161 Or App 653, 656, 984 P2d 342 (1999), *on recons* 164 Or App 779, 995 P2d 1176, *rev den* 331 Or 191 (2000). "Jurisdiction cannot be conferred by the parties by consent, nor can the want of jurisdiction be remedied by waiver, or by estoppel." *Wink v. Marshall*, 237 Or 589, 592, 392 P2d 768 (1964). Likewise, subject matter jurisdiction is not susceptible to the principle of invited error. *St. John v. Yachats Planning Commission*, 138 Or App 43, 46, 906 P2d 304 (1995). Wife's argument fails.

For the aforementioned reasons we hold that the trial court did not have subject matter jurisdiction to consider wife's November 1997 motion to modify the 1995 judgment of dissolution of marriage. Consequently, the trial court's 1998 judgment is vacated.

Judgment vacated.

---

[5] In determining whether it had jurisdiction pursuant to the UCCJA, the trial court mistakenly considered factors relevant to whether it should *exercise* jurisdiction under ORS 109.770 (1995), the UCCJA provision pertaining to inconvenient forums. The trial court should have considered only the jurisdiction criteria listed under ORS 109.730 (1995). That error was compounded by inaccurate statements by both parties' lawyers that the appeal of the 1995 judgment had been dismissed in April 1997. As a consequence, the trial court erred in its conclusion that it had subject matter jurisdiction to hear wife's November 1997 motion.