Argued and submitted July 16, reversed and remanded September 5, 2001

In the Matter of the Marriage of

Jack F. BOSS, III,
*Appellant,*

*and*

Grace H. BOSS,
*Respondent.*

15-99-16487; A110282

31 P3d 1116

James C. Jagger argued the cause and filed the brief for appellant.

Mark Johnson argued the cause for respondent. With him on the brief was Bennett, Hartman & Reynolds, LLP.

Before Landau, Presiding Judge, and Brewer and Schuman, Judges.

BREWER, J.

### BREWER, J.

Father appeals from a judgment dismissing his petition for unlimited marital separation. The judgment was based on mother's motion to dismiss for lack of jurisdiction under the Uniform Child Custody Jurisdiction Act (UCCJA), ORS 109.700 to ORS 109.930,[1] and, alternatively, on the parties stipulation to dismiss the action. We reverse and remand.

The parties married in 1992 in Connecticut. Their two children were born in 1993 and 1995, respectively. Mother and the children moved to Oregon in May 1997, and father joined them in September. In May 1999, mother took the children to New Hampshire, where they remain. In September, father filed this action in Lane County for unlimited separation seeking joint custody of the children. On November 30, the court notified father that, unless he filed a proof of service on mother, his petition would be dismissed in 28 days for lack of prosecution. Father filed the required proof of service on December 21. On December 30, father's attorney sent to mother's attorney a letter stating:

> "I received a message from my client that our clients have reconciled and that they will be moving back to the state of Oregon shortly. I am sure you are as pleased as our office is that our clients have been able to talk and reconcile their family. I would certainly think that this is in the best interest of the parties and also of their children. Please find enclosed a Stipulated Order of Dismissal for the case pending in Lane County. Would you please sign the same and return it back to this office? I will then file it with the court and provide a copy to you."

Mother's attorney signed the document and returned it to father's counsel on January 7, 2000. However, father's attorney did not present the document to the court for entry of

---

[1] The 1999 Legislature renumbered *former* ORS 109.710 (1997) as ORS 109.704. The statute also was amended in ways not relevant to this case. All subsequent references are to the 1997 statutes.

ORS 109.710(3) provides that a custody proceeding "includes proceedings in which a custody determination is one of several issues, such as an action for divorce or separation." Accordingly, father's petition for separation is a custody proceeding, and the provisions of the UCCJA govern jurisdiction.

judgment. On January 21, the court notified father that, unless he moved for an order of default or mother filed an appearance within 28 days, the action would be dismissed for want of prosecution. On February 8, mother's attorney filed an appearance on her behalf.

On March 8, mother moved for dismissal based on (1) the parties' written stipulation for dismissal and (2) lack of jurisdiction under ORS 109.730[2] and ORS 109.710(5). ORS 109.730 provides:

"(1)   A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:

"(a)   This state is the home state of the child at the time of commencement of the proceeding, or had been the child's home state within six months before commencement of the proceeding and the child is absent from this state because of removal or retention by a person claiming custody or for other reasons, and a parent or person acting as parent continues to live in this state; [or]

"(b)   It is in the best interest of the child that a court of this state assume jurisdiction because the child and the parents of the child, or the child and at least one contestant, have a significant connection with this state, and there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships; [or]

"(c)   The child is physically present in this state and the child has been abandoned or it is necessary in an emergency to protect the child because the child has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent; or

"(d)   It appears that no other state would have jurisdiction under prerequisites substantially in accordance with paragraph (a), (b) or (c) of this subsection, or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and it is in the best interest of the child that this court assume jurisdiction.

---

[2] ORS 109.730 (1997) was renumbered as ORS 109.741 and amended in ways not relevant to this case.

"(2)  Except under subsection (1)(c) and (d) of this section, physical presence in this state of the child, or of the child and one of the contestants, is not alone sufficient to confer jurisdiction on a court of this state to make a child custody determination.

"(3)  Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine custody of the child."

ORS 109.710(5) provides:

" 'Home state' means the state in which the child, immediately preceding the time involved, lived with the parents of the child, a parent, or a person acting as parent, for at least six consecutive months, and, in the case of a child less than six months old, the state in which the child lived from birth with any of the persons mentioned. Periods of temporary absence of any of the named persons are counted as part of the six-month or other period."

In his response to mother's motion to dismiss, father argued that the parties' agreement to dismiss the action was contingent on their reconciliation, which did not occur, and that the court did not lack jurisdiction. The court granted mother's motion, and father appeals, renewing his argument that neither asserted ground for dismissal was well taken.

■  We begin with the jurisdictional issue. Father argues that Oregon was the children's home state when his petition was filed, establishing jurisdiction under ORS 109.730(1)(a). Mother responds that dismissal was appropriate because New Hampshire had acquired "home state" status in the 10 months between her move and the court's judgment of dismissal. "Home state" is defined as "the state in which the child, *immediately preceding the time involved,* lived with the parents of the child, a parent, or a person acting as parent, *for at least six consecutive months* * * *." ORS 109.710(5) (emphasis added). To determine jurisdiction, we consider the facts as of the date that the proceeding was commenced. *State ex rel Torres v. Mason,* 315 Or 386, 393 n 6, 848 P2d 592 (1993).

■  Thus, the proper temporal benchmark for determining the children's home state is September 1999, when the

petition was filed. *See* ORCP 3 ("[A]n action shall be commenced by filing a complaint with the clerk of the court."). At that time, the children had lived in New Hampshire for less than four months after living for two years in Oregon. Thus, when this action was commenced, Oregon had been established as the children's home state, and they had not lived in New Hampshire long enough for it to replace Oregon as their home state. *Cf. Chester and Chester*, 172 Or App 462, 468, 18 P3d 1111 (2001) (holding that the trial court lacked subject matter jurisdiction pursuant to ORS 109.730(1)(a) because, "*at the time of [the] wife's* November 1997 *motion* to modify the judgment of dissolution, the children were residents of California and had not been residents of Oregon since September 1996—well over six months before commencement of that proceeding" (emphasis added)). Accordingly, the trial court had jurisdiction to resolve the custody issue before it.

■ Mother protests that the trial court lacked jurisdiction because "substantial evidence concerning the [children's] present or future care" was available in New Hampshire. ORS 109.730(1)(b). We disagree. ORS 109.730(1) provides *alternative* grounds for courts of this state to assert jurisdiction over an interstate child custody dispute. Oregon was the children's home state when the action was commenced; thus, the court had jurisdiction under ORS 109.730(1)(a). The court did not lack jurisdiction merely because it may not have acquired jurisdiction under another subsection of ORS 109.730(1).

■ Mother next argues that ORS 109.770 authorized the court to dismiss the action because New Hampshire provided a more convenient forum. Although mother acknowledges that she did not assert that ground for dismissal before the trial court, she speculates that the trial court may have decided to dismiss the action on its own motion for that reason.[3] *See* ORS 109.770(2) (providing that "[a] finding of inconvenient forum may be made upon the court's own motion").

---

[3] ORS 109.770(1) provides:

"A court which has jurisdiction under ORS 109.700 to 109.930 to make an initial or modification decree may decline to exercise its jurisdiction any time before making a decree if it finds that it is an inconvenient forum to make a custody determination under the circumstances of the case and that a court of another state is a more appropriate forum."

The record does not show that the trial court found that Oregon was an inconvenient forum. The judgment of dismissal entered by the court refers only to the grounds asserted in mother's motion. Moreover, the trial court did not purport to consider any of the statutory factors that might support such a finding. *See* ORS 109.770(3). Nor did it inform any court it may have found to be more appropriate of any such finding. ORS 109.770(8) ("Upon dismissal or stay of proceedings under this section the court shall inform the court found to be the more appropriate forum of this fact * * *."). In sum, there is nothing in the record to support mother's assertion that the trial court may have decided to dismiss the action *sua sponte* pursuant to ORS 109.770. We will not speculate that the court decided the motion on that ground.

■ Mother next contends that the trial court properly dismissed the action based on the parties' written stipulation. Again, we disagree. The stipulation was never filed with the court, as required by ORCP 67 F(2) ("The stipulation for judgment may be in a writing signed by the parties, their attorneys, or their authorized representatives, *which writing shall be filed* in accordance with Rule 9." (emphasis added)) and ORCP 54 A(1) ("[A]n action may be dismissed by * * * *filing* a stipulation of dismissal * * *." (emphasis added)).

Furthermore, contrary to mother's assertion, father's evidentiary submissions supported his contention that his stipulation was contingent on mother's return to Oregon with the children—an event that never occurred. As noted, the letter father's attorney sent to mother's attorney along with the stipulation recited that "our clients have reconciled and * * * they will be moving back to the state of Oregon shortly." Father's attorney also filed an affidavit attesting that filing the stipulation with the court was contingent on the occurrence of those events. Although mother disputed father's contention, mother does not explain how the trial court properly could resolve that factual dispute on a *motion to dismiss*. ORCP 21 A enumerates nine discrete grounds for making a motion to dismiss. Conspicuously absent from that list—or from any other Oregon Rule of Civil Procedure—is the alternative ground asserted by mother, that the parties had stipulated to dismiss the action. *If*

mother was entitled to assert that the case should be dismissed for that reason, there is no authority for the court's dismissal of the action without first holding an evidentiary hearing to resolve the parties' factual dispute concerning the contingency asserted by father.

Finally, mother argues that the trial court may have dismissed father's petition as a sanction for father's failure to prosecute the action diligently. We note again that mother did not raise that issue before the trial court, nor is there any indication that the court decided the motion on that ground. In any event, the record does not support the conclusion that father failed to prosecute the action diligently. Delay alone does not show a want of diligent prosecution. *Lambert v. American Dream Homes Corp.*, 148 Or App 371, 376, 939 P2d 661 (1997). On each of the two occasions when the trial court notified father that further inaction would result in dismissal, he timely complied with the court's directive. On the present record, the trial court lacked discretion to dismiss the action for want of prosecution.

Reversed and remanded.