Argued and submitted March 29, at Roseburg High School, affirmed July 27, petition for review denied November 1, 2005 (339 Or 475)

Christopher SHEPARD,
*Appellant,*

*v.*

Martha LOPEZ-BARCENAS,
*Respondent.*

00-0189-F-4; A123622

116 P3d 254

Douglas J. Richmond argued the cause for appellant. With him on the brief was Kellington, Krack, Richmond, Blackhurst, Sutton & Glatte, LLP.

Thad M. Guyer argued the cause for respondent. With him on the brief was Center for NonProfit Legal Services, Inc.

Before Armstrong, Presiding Judge, and Brewer, Chief Judge, and Millikan, Judge pro tempore.

ARMSTRONG, P. J.

### ARMSTRONG, P. J.

Father filed a motion in the Jackson County Circuit Court to hold mother in contempt of the parenting-time provisions of a December 2000 judgment concerning the parties' daughter, N, and to modify the judgment's custody provisions. Mother moved to dismiss father's motions and to partially vacate the judgment on the ground that, under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), Oregon courts did not have jurisdiction over the initial child custody proceeding. The circuit court granted mother's motion and entered an order vacating the child custody and parenting-time provisions of the December 2000 judgment. Father seeks reversal and remand for trial on his motion to modify child custody and parenting time and his motion to find mother in contempt for her interference with his parenting time. On *de novo* review, ORS 19.415(3) (2001), we affirm.

The facts are largely undisputed. Father is a citizen of the United States and mother is a citizen of the Republic of Mexico. In 1998, N was born in Guanajuato, Mexico. Until September 1999, father, mother, N, and mother's child from a previous relationship lived together in Guanajuato, Mexico. In September 1999, mother and N moved to Ashland, Oregon, so that mother could complete a one-year master's degree program at Southern Oregon University. At the time she left, the parties intended that mother would return to her job in Guanajuato after obtaining her degree. One month after she arrived in Oregon, mother told father that she was ending their relationship and did not intend to return to Guanajuato with the children but, on completion of her degree, would live temporarily in the State of Michoacan, Mexico.

In January 2000, father moved to Oregon and filed a filiation proceeding in Jackson County Circuit Court, seeking custody of N. Mother obtained an order from the court granting her temporary legal and physical custody of N, granting father liberal parenting time, and authorizing mother to take N to Mexico over spring break, from March 17 to March 27, 2000.

In May 2000, mother filed a motion in Jackson County Circuit Court seeking permanent custody of N and granting father reasonable parenting time. At a June 2000 hearing, mother's attorney waived any objection to the court's personal jurisdiction over the parties. In September 2000, mother returned with N to Mexico. In December 2000, the court entered a final judgment awarding mother custody of N and awarding father parenting time.

In July 2001, father filed a motion to hold mother in contempt for denying parenting time and a motion to modify the custody and parenting-time provisions of the December 2000 judgment. Mother filed a motion to dismiss father's motions and sought to vacate the custody and parenting-time provisions of the December 2000 judgment on the ground that the circuit court lacked subject matter jurisdiction to make a custody determination as to N, because Mexico was N's home state at the time that father filed the filiation petition. The court granted mother's motions and vacated the custody and parenting-time provisions of the December 2000 judgment.

Under the UCCJEA, whether Oregon had jurisdiction to make an initial custody decision for N is determined under ORS 109.741, which provides, as pertinent:

"(1) Except as otherwise provided in ORS 109.751, a court of this state has jurisdiction to make an initial child custody determination only if:

"(a) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state; [or]

"(b) A court of another state does not have jurisdiction under subsection (1)(a) of this section * * *[.]

"* * * * *

"(2) Subsection (1) of this section is the exclusive jurisdictional basis for making a child custody determination by a court of this state.

"(3)   Physical presence of, or personal jurisdiction over, a party or a child is not necessary or sufficient to make a child custody determination."

For purposes of the UCCJEA, ORS 109.704(7) defines the "home state" as

"the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding. * * * Any temporary absence of any of the mentioned persons is part of the period."

Finally, the UCCJEA requires Oregon courts to "treat a foreign country as if it were a state of the United States for the purpose of applying ORS 109.701 to 109.771." ORS 109.714(1).

■     In light of those provisions, we agree on *de novo* review with the circuit court's determination that, at the time father commenced the filiation proceeding, N's home state was Mexico. The parties had lived in Mexico since N's birth in 1998. Mother and N had lived in Oregon for only three months at the time that father filed his petition, and mother intended to return with N to Mexico. Their absence from Mexico was only temporary, and the time spent in Ashland is therefore considered to be time in Mexico for the purpose of determining the home state. ORS 109.704(7). Accordingly, mother and N are considered to have lived in Mexico for the six-month period before the commencement of the proceeding, and Mexico was N's home state. For that reason, Oregon courts lacked jurisdiction to make an initial custody determination for N. The circuit court correctly vacated the custody and parenting-time provisions of the December 2000 judgment.

Father concedes that, at the time that he filed his petition, N had not been in Oregon for six months and therefore Oregon was not N's home state. He contends, however, that in determining that N's absence from Mexico was only temporary, undue weight has been given to mother's intention to return with N to Mexico. He asserts that his intention to make Oregon N's permanent home was entitled to equal weight. He argues that, because he intended to remain permanently in Oregon and to have N in his custody, N's absence

from Mexico should not have been treated as temporary for the purpose of determining the home state. In his view, if N's absence from Mexico is treated as permanent, we must find that there was no home state at the time that the petition was filed, because N had not lived in any one state for at least six consecutive months immediately before the commencement of the custody proceeding. In that case, he asserts, Oregon had jurisdiction of the custody proceeding because the child had significant ties to Oregon.

Father's intention to have N become a permanent Oregon resident notwithstanding, at the time of the petition, N had been living with mother in Oregon for approximately three months, and there is no dispute that mother's absence from Mexico was temporary. Under ORS 109.704(7), "[a]ny temporary absence of *any* of the mentioned persons" (emphasis added) is considered to be part of the period during which N lived in Mexico for the purpose of determining the home state. Thus, even though father intended that N would become a permanent Oregon resident, for the purpose of determining the home state, the time before the filing of the petition during which mother was temporarily absent from Mexico is to be treated as time that N and mother resided in Mexico.

■ Father contends that, in failing to raise the issue of the child's temporary absence from Mexico, mother has waived objections to jurisdiction or should be estopped from raising such objections at this late date. As father correctly recognizes, however, lack of subject matter jurisdiction generally cannot be remedied by waiver or estoppel. As we said in *Medill and Medill*, 179 Or App 630, 645, 40 P3d 1087 (2002), a party's consent to the trial court's jurisdiction over the initial determination of custody under the UCCJEA has no effect if, indeed, the court lacked jurisdiction to make that determination. *See Chester and Chester*, 172 Or App 462, 469, 18 P3d 1111 (2001) (holding that subject matter jurisdiction over child custody determinations cannot be conferred by consent, nor can the want of subject matter jurisdiction be remedied by waiver or estoppel). Here, as we have said, it is clear that, under the UCCJEA, the child's home state was

Mexico. Thus, the parties' agreement at the time of the hearing on father's filiation petition that the circuit court had jurisdiction over the custody determination is of no effect.

Affirmed.