Argued and submitted November 20, affirmed as modified December 28, 1989

In the Matter of the Marriage of

## NELSON,
*Respondent,*
*and*

## NELSON,
*Appellant.*

(D87-1581; CA A50567)

784 P2d 129

Steven L. Price, Hillsboro, argued the cause for appellant. With him on the brief was Nancy Sideras, Hillsboro.

C. Thomas Davis, Beaverton, argued the cause and filed the brief for respondent.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

**RIGGS, J.**

Wife appeals from a dissolution judgment, contending, among other things, that the court erred in awarding 12 percent interest per annum on husband's lien on the family residence and in awarding only six months of spousal support.[1] On *de novo* review, we modify the rate of interest and the duration of the spousal support and otherwise affirm.

The trial court granted husband a $20,000 lien on the family residence, with interest to accrue after its due date of June 1, 1990, at 12 percent per annum. The statutory interest rate on a judgment is epercent, unless the parties contract for a higher rate. ORS 82.010; *Nickerson and Nickerson,* 296 Or 516, 678 P2d 730 (1984). The parties did not so contract. We modify the interest rate to 9 percent per annum, to accrue from June 1, 1990.

■ Wife also contends that the court erred in allowing her only six months of spousal support at $300 per month rather than long term or permanent spousal support at a higher rate. The court made detailed findings regarding the property division and how it decided the amounts of child and spousal support. Given the vague evidence with which the court was working, the amounts that it established were appropriate. The court did not, however, explain why it limited spousal support to only six months. We believe the facts require that there be a longer duration of spousal support.

This is a 19-year marriage. Wife does not hold a high school diploma, has never worked full-time and worked only part-time sporadically during the marriage. She had some emergency medical technician training in 1974, but it is not clear that her certification from that training is still valid. She also had some training as a bartender but has little work experience in that field. Her clerical skills are limited. Husband, in contrast, completed high school and has been self-employed full-time throughout the marriage, selling and installing floor coverings. At one time during the marriage he owned and operated a profitable business.

---

[1] Wife also assigns error to the court's denial of her motion to require husband to pay for an expert evaluation of his business, its award of a lien to husband against the family residence and the amount and nature of the property awarded her in the property division. On *de novo* review, we find no error.

■ The goal in awarding spousal support is to allow the recipient to maintain a standard of living that is not overly disproportionate to that enjoyed by the parties during the marriage. *Grove and Grove,* 280 Or 341, 347, 571 P2d 477, *reh den* 280 Or 769 (1977). Here the court determined, and we agree, that there is no way that either party can come close to maintaining the standard of living that they enjoyed during the marriage, given their current financial situation. Nonetheless, despite husband's current financial and business difficulties, his education and his work history place him in a much better position to improve his income. It appears that, if wife is provided more than six months to improve her skill level and seek full-time employment, she might achieve an income level more proportionate to that that husband likely can command. Accordingly, we modify the duration of the spousal support award from six months to four years.

Judgment modified to reduce interest on husband's lien on family residence to 9 percent per annum, commencing June 1, 1990, and to award spousal support to wife of $300 per month for four years, commencing November 7, 1988; affirmed as modified. Costs to wife.