THE COURT OF APPEALS FOR THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| XUEJI TANG and LILING WANG, husband and wife, | ) ) ) | No. 82810-0-I |
| Appellants, | ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| ZHONG XIANG YE, an individual; and TIGER EXPRESS SHIPPING CORPORATION, a Washington State Corporation d/b/a Tiger Travel | ) ) ) ) ) ) | |
| Respondent. | ) ) ) | |

CHUNG, J. — Zhong Xiang Ye sold a 30 percent interest in Tiger Express's tourism business to Xueji Tang. After the business failed, Tang sued Ye for breach of contract and violation of the Securities Act of Washington (WSSA), chapter 21.20 RCW. After a bench trial, the court entered judgment for Tang on the WSSA claim. When the purchaser asserting a security fraud claim sought the statutory recovery of their investment "upon the tender of the security" under RCW 21.20.430(1), the trial court was not required to expressly address the alleged absence of a tender because the seller acknowledged there had been a tender before the entry of judgment as allowed by RCW 21.20.430(6).

We affirm the decision of the trial court and the calculation of damages, prejudgment interest, and attorney fees. However, because there is confusion as to

whether the trial court intended both the individual seller and his corporation to be judgment debtors, we remand to the trial court to clarify the proper judgment debtor(s).

## FACTS

Tiger Express Shipping Corporation ("Tiger"), owned by Zhong Xiang Ye, operated a tour business catering to tourists from China. As part of that business, Tiger owned several large vehicles for conducting tours.

In May 2016, Ye represented that Tiger owned six tour vehicles with a total cost basis of $425,082. Xueji Tang and Liling Wang (collectively Tang) entered into a written agreement with Ye to purchase a 30 percent interest in Tiger for $127,000. The term of the investment was tentatively set for two years.

Tang and Ye entered a second written agreement in September 2016, with Tang investing an additional $75,000 in Tiger. At that time, Ye planned to purchase five additional tour vehicles and informed Tang that the additional investment was necessary to maintain a 30 percent interest in Tiger. The timeline on the investment remained the same. Between May 2016 and March 2017, Tang received approximately $25,000 in dividends from Tiger resulting from the operation of its tour business.

Tiger eventually ended its tour business. From January 2018 to September 2018, Tiger sold 7 of its 11 tour vehicles for a total of approximately $143,000. Tiger paid Tang $10,500 of these proceeds. In August 2018, Tang demanded a refund of their investment due to violations of the Washington securities laws. Tang subsequently filed a lawsuit against Ye and Tiger alleging breach of contract, intentional misrepresentation, negligent misrepresentation, and WSSA violations.

The parties proceeded to a bench trial in May 2021. At the close of their case, Tang chose to pursue only the WSSA claim. The court determined that Ye's sale of the

30 percent in Tiger constituted the sale of a security for the purposes of the WSSA. The court concluded that Ye violated the WSSA by making misleading statements of material facts that affected Tang's investment decisions. The court calculated Tang's recovery as their $202,000 investments with eight percent interest for the period of September 7, 2016 to May 20, 2021, less the $25,000 in dividends and $10,500 proceeds from the sale of the tour vehicles. The court also awarded attorney fees and costs under the WSSA.

Tang prepared the findings of fact and conclusions of law. At the hearing for presentation of the findings of fact and conclusions of law and entry of judgment, Ye disagreed with several aspects of the documents. The court signed the findings of fact and conclusions of law and subsequently entered a judgment against both Ye and Tiger for damages of $242,807.52, costs of $3,286.58, and attorney fees of $47,670.00.

Ye appeals.

ANALYSIS

Ye appeals the trial court's entry of judgment after a bench trial. Where the trial court has weighed the evidence, the reviewing court's role is limited to determining whether substantial evidence supports the findings of fact and whether those findings support the trial court's conclusions of law. Ford Motor Co. v. City of Seattle, Exec. Serv. Dep't, 160 Wn.2d 32, 56, 156 P.3d 185 (2007). "Substantial evidence to support a finding of fact exists where there is sufficient evidence in the record to persuade a rational, fair-minded person of the truth of the finding." Hegwine v. Longview Fibre Co., 162 Wn.2d 340, 353, 172 P.3d 688 (2007) (internal quotation marks omitted) (quoting In re Estate of Jones, 152 Wn.2d 1, 8, 93 P.3d 147 (2004)). An appellate court will not substitute its judgment for that of the trial court, reweigh the evidence, or gauge witness credibility. In

re Marriage of Rockwell, 141 Wn. App. 235, 242, 170 P.3d 572 (2007). We review conclusions of law de novo. Robel v. Roundup Corp., 148 Wn.2d 35, 43, 59 P.3d 611 (2002).

The challenging party bears the burden of showing that the findings of fact are not supported by the record. Nordstrom Credit, Inc. v. Dep't of Revenue, 120 Wn.2d 935, 939-40, 845 P.2d 1331 (1993). In this case, Ye did not designate the reports of proceedings for the bench trial for consideration on appellate review.[1] This failure contravenes RAP 9.2(b), which specifies, "If the party seeking review intends to urge that a verdict or finding of fact is not supported by the evidence, the party should include in the record all evidence relevant to the disputed verdict or finding." An incomplete record compromises the ability of the panel to review the findings of fact for substantial evidence. In re Custody of A.F.J., 161 Wn. App. 803, 806 n.2, 260 P.3d 889 (2011). Because the appellant failed to designate a complete record for review, we treat the findings as verities. Id. (citing Rekhi v. Olason, 28 Wn. App. 752, 753, 626 P.2d 513 (1981)).

I. Violation of WSSA and Tender of the Security

Ye contends that Tang failed to tender the security and, therefore, did not satisfy the WSSA requirements for a recovery of their investment. According to Ye, Tang agreed to liquidate the business and accepted the benefits of liquidation proceeds without tendering the security; thus, he was entitled only to a ruling based on breach of contract.[2]

---

[1] Ye designated only the oral presentation of the judgment and findings of fact and conclusions of law for inclusion in the report of proceedings.
[2] Tang abandoned the breach of contract claim after the bench trial and proceeded only on the action under the WSSA. There is no ruling on breach of contract before this court.

Under the anti-fraud provision of WSSA, it is unlawful for a person involved in the sale or purchase of a security "[t]o make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statement made, in the light of the circumstances under which they are made, not misleading." RCW 21.20.010(2); Aspelund v. Olerich, 56 Wn. App. 477, 480, 784 P.2d 129 (1990). A securities fraud claim under the WSSA has two essential elements: (1) a fraudulent or deceitful act committed (2) in connection with the offer, sale, or purchase of any security. Kinney v. Cook, 159 Wn.2d 837, 842, 154 P.3d 206 (2007). Another section of the statute establishes civil liability for violations of RCW 21.20.010, specifying that a seller of a security who violates the anti-fraud provision

> is liable to the person buying the security from him or her, who may sue either at law or in equity to recover the consideration paid for the security, together with interest at eight percent per annum from the date of payment, costs, and reasonable attorneys' fees, less the amount of any income received on the security, upon the tender of the security, or for damages if he or she no longer owns the security. Damages are the amount that would be recoverable upon a tender less (a) the value of the security when the buyer disposed of it and (b) interest at eight percent per annum from the date of disposition.

RCW 21.20.430(1) (emphasis added). Tender is permitted anytime before entry of judgment. RCW 21.20.430(6).

The court found Ye's material misleading statements constituted a violation of RCW 21.20.010. On appeal, Ye does not challenge whether the elements for a violation were established—i.e., that the 30 percent interest in Tiger was a sale of a security or that he made material misrepresentation. Instead, Ye's claim focuses on Tang's failure to tender the security as discussed in RCW 21.20.430(1). Ye contends Tang's lack of a tender precludes the remedy awarded by the trial court. We disagree.

The WSSA sets out two possible methods to calculate relief for an anti-fraud violation. To recover the amount invested, plus interest, a buyer must make a tender of the security to the seller. RCW 21.20.430(1). If the buyer no longer possesses the security, then they may recover damages based upon the difference between the amount recoverable if the buyer tendered the security less the amount the purchaser received when the buyer disposed of it. RCW 21.20.430(1). A plaintiff's failure to tender the security does not preclude a successful WSSA claim; rather, it affects the available remedy. Tang can prevail under the WSSA whether or not they tendered the security back to Ye.

While the findings and conclusions do not expressly address tender, in argument to the trial court, counsel for Ye acknowledged, "You can't recover on a securities claim until you tender it, and [Ye] didn't tender it until, I guess, the day he submitted his proposed findings of fact and conclusions of law." Later, at oral argument on appeal, Ye's counsel stated that he did not intend the prior statement as a concession. We conclude the statement is reasonably viewed as an acknowledgement that a tender of the security was made before the entry of judgment as allowed by RCW 20.21.430(6). In view of this acknowledgement, Ye's lack of tender argument fails.

## II. Calculation of Prejudgment Interest

Ye argues prejudgment interest is overstated because the trial court subtracted the $35,500 in payments after the interest was calculated on the entire investment. According to Ye, the court should have determined interest based on the declining principal balance and erred by failing to include findings as to the exact dates of the payments to Tang of "dividends" ($25,000 from May 2016 to March 2017) and from the liquidation/sale of the vehicles ($10,500). In response, Tang claims the interest was

calculated based on the formula in RCW 21.20.430(1), "consideration paid for the security, together with interest at eight percent per annum from the date of payment, costs, and reasonable attorneys' fees, less the amount of any income received on the security," and is actually understated because it did not include interest on the initial investment between May and September 2018.

Ye provides no authority addressing his alternative method of calculating interest pursuant to RCW 20.21.430(1). The appellant has the burden of providing "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." RAP 10.3(a)(6). On the existing briefing, we decline to engage in statutory interpretation of the interest calculation under the specific damages formula outlined in RCW 20.21.430(1).

Because Ye failed to designate a complete record for review, we treat the findings as verities. Further, while the trial court's order failed to clearly separate findings of fact and conclusions of law, as required by CR 52(a)(1), they are sufficiently specific to support review of the damages calculation pursuant to RCW 21.20.430. "Finding of Fact/Conclusion of Law No. 12" comports with the formula stated in RCW 21.20.430. It sets out Tang's $202,000.00 investment as "the consideration paid for the security" and then calculates the "interest at eight percent per annum from the date of payment" as "$202,000[.00] X .08 [percent] X 4 years + $202,000[.00] X .08 [percent] X (255days/360days)," amounting to $76,307.52. The court then reduced the damages as specified in the statute—"less the amount of any income received on the security"—by "subtracting the amounts Defendants paid plaintiffs, $25,000.00 in dividends and $10,500.00 from the sale of the vehicles." After following these steps, as outlined in RCW

21.20.430, the court arrived at a judgment of $242,807.52. Accordingly, on this record and this briefing, we affirm the trial court's computation of interest and award of damages.

III. Attorney Fees

Ye argues that the trial court failed to determine whether counsel's rates or hours were reasonable or whether to adjust for the abandoned contract claim when awarding attorney fees. "A determination of reasonable attorney fees begins with a calculation of the 'lodestar,' which is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Berryman v. Metcalf, 177 Wn. App. 644, 660, 312 P.3d 745 (2013). The lodestar must be limited to hours reasonably expended discounted for unsuccessful claims or duplicate effort. Id. at 662. The fee applicant has the burden of demonstrating the reasonableness of a fee. Id. at 657. We review the amount of fees awarded for abuse of discretion. Gander v. Yeager, 167 Wn. App. 638, 647, 282 P.3d 1100 (2012). A court abuses its discretion when its decision is based on untenable grounds or for untenable reasons. Berryman, 177 Wn. App. at 657.

On appeal, Ye argues the trial court abused its discretion by failing to assess the reasonableness of the rate charged. Yet Ye raised no challenge to the reasonableness of counsel's hourly rate at the trial court. A party generally waives the right to appeal an error that was not raised in the trial court. RAP 2.5(a); In re Adoption of K.M.T., 195 Wn. App. 548, 567, 381 P.3d 1210 (2016).

Even if Ye may raise the issue of reasonableness of the hourly rate for the first time on appeal, Ye invited such error. When the trial court expressly asked what the objection was to the requested attorney fees, Ye challenged only counsel's hours, arguing that Tang had not apportioned the fees between the abandoned contract claim and the

securities claim and should not recover attorney fees for both. To show that a court has taken "an active role" in assessing the reasonableness of a fee request, the findings should "show how the court resolved disputed issues of fact." Berryman, 177 Wn. App. at 658. Here, the trial court considered Ye's argument and disagreed because both theories involved the same proof. In the findings of fact and conclusions of law, the trial court showed its resolution of the only dispute Ye raised regarding fees, interlineating by hand, "Essentially the same legal work had to be done for both theories," and awarded the requested fees under WSSA. The court's findings support its determination that segregating the fees by cause of action was not required. The trial court's fee award was not an abuse of discretion.

## IV. Business Liability

The judgment includes both Ye and Tiger as judgment debtors. Ye argues that the findings of fact do not support Tiger's liability. Ye also notes that the parties and the trial court agreed to limit the judgment to individual liability during the hearing.

When discussing entry of judgment, the court explicitly informed the parties of the need to specify who was liable—Ye, Tiger, or both. The parties agreed to enter judgment against Ye individually. Tang's counsel stated, "I don't care whether his corporation is part of this lawsuit or not. I just really want a judgment against Mr. Ye." The trial court approved, saying, "[I]t simplifies one element of it if we just, just make it against Mr. Ye individually. We don't then have to separately determine whether there's a—you know, some basis for corporate liability here."

Despite this colloquy, the court's Finding of Fact/Conclusion of Law No. 12 assigns liability to both Ye and Tiger, stating that Tang was entitled to a judgment against the

9

"Defendants." The judgment subsequently signed and entered by the court also holds both Ye and Tiger liable as judgment debtors.

The judgment against Tiger is not supported by the findings of fact. The findings establish Ye, not Tiger, as the seller of the security under the written agreements with Tang. From this, the court determined that Ye was the seller of the security—"Ye's sale of a 30 percent interest in Tiger's tour business constituted a sale of a security." And the court found that Ye made the misleading statements constituting a violation of RCW 21.20.010. These findings of fact do not support holding Tiger jointly liable for the judgment.

The judgment prepared by Tang was not written with Ye as the sole judgment debtor. The inclusion of Tiger on the judgment would appear to be a scrivener's error. However, Tang refused to concede that liability for both Ye and Tiger was error. Upon questions from this court during oral argument, Tang's counsel stated, "I submitted a proposed findings of fact that was against the corporation as well, and the judge signed it. And I wanted the judgment against the corporation." Counsel's representation suggests that he intentionally included the corporation as a judgment debtor despite the express agreement of the parties and the court.[3]

At the conclusion of the hearing on the findings of fact and conclusions of law, the parties and the trial court clearly reached an agreement to enter judgment against Ye. The findings of fact reflect Ye's sole liability, but the conclusions of law and judgment do

---

[3] Counsel's statements to this court raise serious concerns about his representations to the trial court. Candor to the tribunal is a core tenet of the Rules of Professional Conduct.

not. Therefore, we remand to the trial court to clarify or correct the findings and conclusions and the judgment to reflect the proper judgment debtor(s).

V. Attorney Fees on Appeal

In the last sentence of the briefing, Tang requests attorney fees for responding to the appeal. This request does not comply with RAP 18.1(b), which specifies that the party must devote a section of its opening brief to a request for attorney fees and expenses. RAP 18.1(b) requires more than a bald request for attorney fees on appeal. Boyle v. Leech, 7 Wn. App. 2d 535, 542, 436 P.3d 393 (2019). "The party requesting fees on appeal is required by RAP 18.1(b) to argue the issue and provide citation to authority in order to advise the court as to the appropriate grounds for an award of attorney fees and costs." Blueberry Place Homeowner's Ass'n v. Northward Homes, Inc., 126 Wn. App. 352, 363 n.12, 110 P.3d 1145 (2005). Because Tang fails to provide any legal argument or citation to authority to support the request, we decline to award fees on appeal.

Affirmed but remanded for clarification of the judgment debtor.

_Chung, J._

WE CONCUR:

_Coburn, J._          _Mann, J._